Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of LENA SCHLENKER, Respondent, for Compensation under the Workmen's Compensation Law for the Death of Her Husband, JACOB SCHLENKER, *v.* GARFORD MOTOR TRUCK COMPANY, INC., Employer, and the GENERAL ACCIDENT, FIRE AND LIFE ASSURANCE CORPORATION, LTD., OF PERTH, SCOTLAND, Insurance Carrier, Appellants.

Third Department, May 8, 1918.

**Workmen's Compensation Law — approval by Industrial Commission of compensation agreement between employer and dependents — objection of insurance carrier to such approval immaterial — insurance carrier entitled to be heard — blow exciting dormant tubercular condition — discretion of Commission to refuse to reopen case.**

An agreement for the payment of compensation entered into between the dependents of an employee who was killed and his employer which has received the approval of the State Industrial Commission, pursuant to section 20 of the Workmen's Compensation Law, is valid and binding although the insurance carrier indicated its dissatisfaction with the agreement before the same was approved by the Commission.

The statute does not make the approval of the Commission depend upon the consent of the insurer, nor even on the consent of all the claimants, but only upon the consent of the employer and the principal dependent.

However, the insurer is entitled to a hearing on the application for the approval of the Commission and without such hearing the award will not be deemed conclusive as to it.

An award is justified where it appears from expert medical testimony that tuberculosis of the brain, from which the employee died, was caused by a blow upon the head which brought into activity a dormant tubercular condition.

The State Industrial Commission has discretionary power to refuse to reopen a case.

APPEAL by the defendants, Garford Motor Truck Company, Inc., and another, from decisions and orders of the State Industrial Commission approving an agreement between the claimant and the defendants and denying a motion by the appellants to vacate said agreement and for a rehearing and reopening of the matter.

*Alfred W. Meldon* [*Theodore H. Lord* of counsel], for the appellants.

*Merton E. Lewis, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], and *Robert W. Bonynge,* counsel to the State Industrial Commission, for the respondents.

COCHRANE, J.:

The death of Joseph Schlenker on May 9, 1917, is claimed to have resulted from injuries received by him on April 16, 1917. He left a widow and two small children. The employer and the widow, as the principal dependent of the deceased, entered into an agreement dated May 24, 1917, for the payment of compensation and submitted a joint report of the claim containing such agreement to the State Industrial Commission for its approval pursuant to section 20 of the Workmen's Compensation Law. That section provides: "The Commission shall examine such report and approve the same when the terms are strictly in accordance with this chapter and such approval shall constitute an award." (Consol. Laws, chap. 67 [Laws of 1914, chap. 41], § 20, as amd. by Laws of 1915, chap. 167, and Laws of 1917, chap. 705.) Such approval was given by the Commission July 16, 1917. Apparently on July 2, 1917, the insurance carrier advised the Commission that in its opinion the death of Schlenker was not attributable to his injury.

It is now urged that the insurance carrier having indicated its dissatisfaction with the agreement before the same was approved by the Commission, the latter could not thereafter give its approval. The statute (§ 20) does not make the approval of the Commission depend on the consent of the insurer nor even on the consent of all of the claimants, but only on the consent of the employer and principal dependent. The approval of the Commission was, therefore, properly given even though the insurer had protested more vigorously than it seems to have done in this case, and by the mandate of the statute " such approval shall constitute an award." Of course the insurer is entitled to a hearing and without such hearing such award could not be deemed conclusive as to the insurer. But the insurer in this case has had such hearing. On October 10, 1917, a hearing was given by the Commission,

at which the insurer appeared by counsel, produced witnesses, and had them examined. The testimony of such witnesses tended in no respect to impeach the award previously made or to overcome the presumption of section 21 " that the claim comes within the provisions of this chapter." The injury consisted of a blow on the head. The employee died twenty-three days thereafter from tubercular meningitis, and one of the medical experts produced by the insurer testified that he found " a distinct tuberculosis of the base of the brain." All the medical testimony was to the effect that a trauma of the kind which the employee received could excite a dormant tubercular condition into activity and accelerate death. The appellants produced no evidence to the contrary but merely that there were no traumatic indications at the time of his death more than three weeks after the trauma, and the Commission adhered to its previous award. Again on December fifth the insurer asked to have the case reopened but presented no additional evidence nor did it claim to be able to do so. The refusal of the Commission to then reopen the case was discretionary. The insurer had had its day in court.

The award and decisions should be affirmed.

Award and decisions unanimously affirmed.