Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of ELIZABETH VAN GORDON, Widow, Respondent, for Compensation under the Workmen's Compensation Law on Account of the Death of CHARLES A. VAN GORDON, *v.* HIRES CONDENSED MILK COMPANY, Employer, and EMPLOYERS LIABILITY ASSURANCE CORPORATION, LTD., Insurance Carrier, Appellants.

Third Department, November 10, 1920.

**Workmen's Compensation Law — evidence — testimony of physician who examined patient not hearsay — tuberculosis caused by fall — award affirmed.**

Where an employee fell and was injured and subsequently developed tuberculosis and died, testimony as to the cause of his death given by a physician who treated him within three days of the accident and continued to treat him until his death is not hearsay and is competent.

Evidence examined, and *held,* that the tuberculosis which caused the decedent's death was brought about by the accident and that an award to his dependents should be affirmed.

APPEAL by the defendants, Hires Condensed Milk Company and another, from a decision and award of the State Industrial Commission, made and entered in the office of said Commission on the 6th day of November, 1919.

*Bertrand L. Pettigrew* [*Walter L. Glenney* of counsel], for the appellants.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* and *Bernard L. Shientag* of counsel], for the respondents.

KILEY, J.:

At the close of the evidence in this case the representative of the insurance carrier stated the appellants' position as follows: " It is the contention of the carrier in this case that *the weight of the testimony presented* shows that there has been no connection between the accident to the deceased which happened on May 21, 1918, and the death of the deceased which took place on October 1, 1919; said death having resulted from tuberculosis of the lungs." The evidence shows that the deceased, husband of this claimant, worked for the employer, appellant, at Port Dickinson, N. Y., as a mason; that on the 21st day of May, 1918, while so at work a ladder which he had mounted to the height of eighteen or twenty feet tipped over, causing him to fall that distance, where he struck his left side on a pipe or box, strained his left side, back and ankle; and one of the physicians, the one who had treated him from the time of the injury, said that some of his short ribs were fractured and loosened. There is no potential evidence against these facts, and the last is disputed by inference only. On the fifth day of August the employer entered into an agreement with the injured man conceding the injuries and agreeing upon compensation, which agreement was approved by the State Industrial Commission. He did some work after that but did not recover, to any extent, his strength or previous health, and in about one year developed tuberculosis of the right lung from which he died on the 1st day of October, 1919. Doctors for both sides agree that for a period of time after the injury the several examinations did not disclose tuberculosis and that there was an absence of any symptoms denoting active presence of that disease. After death the widow, the claimant here, sought and was awarded compensation for the death of her husband, as if the trouble which caused his death finally was traceable to the injury he received on the twenty-first day of May of the previous year. It is not disputed, and is in this case conceded, that the tubercular germs inhabit the human system

generally. The suggestion in this evidence is that tuberculosis was present in the injured party's system at the time of the accident in the form known as incipient or latent, and the conclusion that the injury so lowered the man's vitality and lessened his resisting power that it was a contributing cause of death, finds some substantial basis in this evidence. The Commission says by its finding: " A latent tubercular condition was lighted up, so as to cause the decedent to die from pulmonary tuberculosis." The statement of appellant's representative at the close of the evidence and with which I commenced this opinion, indicates that the carrier was conscious that there was some evidence to sustain claimant's contention; its complaint being that it was outweighed by evidence produced by it. In its brief the ground for reversal taken is, that the evidence, on this sole question in the case, was hearsay. The evidence here for claimant is not uncorroborated hearsay evidence, it was the evidence of the physician who knew deceased before the accident and treated him almost continuously after the accident until his death. Immediately or within three days after the accident his lungs were examined and soon thereafter his blood pressure was taken and both found practically normal; he was a strong man doing the hard work of a mason and never sick or ailing; this physician treated claimant for some years before her husband was injured and he knew. His evidence was as positive as any that can be given by a physician of internal conditions, and is such evidence as is relied upon generally in the vicissitudes of every day life. The conditions here are not at all similar to those prevailing in *Matter of Belcher* v. *Carthage Machine Co.* (224 N. Y. 326). In *Nestor* v. *Pabst Brewing Co.* (191 App. Div. 312) the only physician sworn was the attending physician and he swore that there was no connection between the injury and cause of death; the only evidence to the contrary was the death certificate, made out upon hearsay information and bearing upon its face a disclaimer of knowledge of the truth of the statement of facts contained therein.

The award should be affirmed.

Award unanimously affirmed.