Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of Mrs. MARY McGOEY, Respondent, for Compensation under the Workmen's Compensation Law, on Account of the Death of Her Husband, BRYAN McGOEY, Deceased, *v.* TURIN GARAGE AND SUPPLY COMPANY, Employer, and ZURICH GENERAL ACCIDENT AND LIABILITY INSURANCE COMPANY, LTD., Insurance Carrier, Appellants.

Third Department, February 28, 1921.

Workmen's Compensation Law — death from pulmonary tuberculosis following injury — evidence establishing causal relation between injury and disease — when Appellate Division will not interfere with finding of State Industrial Commission — presumptions under section 21.

Claimant's testator, a car washer, at the time he was injured by being crushed between two automobiles, apparently was in good health, but shortly thereafter he developed pulmonary tuberculosis from which he

died within a year from the date of the injury. *Held*, that the evidence is of such probative force that the finding of the State Industrial Commission that there was a causal relation between the injury and the disease should not be disturbed.

Under the evidence section 21 of the Workmen's Compensation Law relating to presumptions was applicable.

APPEAL by the defendants, Turin Garage and Supply Company and another, from an award and order of the State Industrial Commission, entered in the New York office of said Commission on the 30th day of April, 1920.

*Philip J. O'Brien* [*John Vernou Bouvier, Jr.*, of counsel], for the appellants.

*Charles D. Newton*, Attorney-General [*E. C. Aiken, Deputy Attorney-General, Bernard L. Shientag* and *Jeremiah F. Connor* of counsel], for the respondents.

KILEY, J.:

Claimant's intestate worked for his employer, appellant herein, as a car washer. On May 24, 1919, while so engaged he met with an accident by being crushed between two cars in the garage in which he was working. The record shows that the injury was severe enough so that his foreman sent him home as unfit for service on account of the injuries he received. A doctor was called and he was kept in bed for about a week, and idle until June seventh or eleventh, when he went back to work. He swears he was not feeling well any of the time after the accident. He continued to work for about two weeks, when he could no longer perform his duties, and we next, and comparatively soon, find him in the hospital suffering from tuberculosis; he lingered and grew worse for eight or nine months after the date of the accident and finally died February 1, 1920. The finding of the Commission is to the effect that the employee had dormant pulmonary tuberculosis at the time of the accident, and that the injuries aggravated and activated the disease, so that from dormant it became progressive and by progression reached its advanced and final stage, resulting in and causing death. The appellant insurance carrier argues that there is no evidence of causal relation between the injury and the disease. The Commission has determined, as a matter of fact, that there was such relation, and if there is evidence of

probative force, even meager though it be, we cannot disturb the finding. (Workmen's Compensation Law, § 20, as amd. by Laws of 1919, chap. 629.) To determine whether or not there was " a residuum of legal evidence " to sustain the finding of the Commission, resort must be had to what the evidence discloses first as to facts and then as to probabilities. That the Commission had a healthy subject, forty-one years of age, immediately prior to May 24, 1919, the date of accident, appears beyond question from the evidence. That he was injured in the manner he claimed is not contradicted, except by inference, so that the first question is the extent of the injury. The evidence is not so clear as to the extent of the initial injury as might be desired. Just what occasioned the injury we have only in outline; however, practical common sense with some knowledge of cars, their conformation and construction, will fill in the outlines.. The claimant's intestate says he was crushed between two cars; that the contact with his body was at the groin region, the abdomen, and chest or ribs. One of the cars had two tires on rims fastened to the running board near the forward door or about where the door would open if the tires were not there; the injured man was caught first at the mud guard in front, forced toward the rear by the other car which must have struck him diagonally; his body followed the conformation of the mud guard, which pressed against his body higher up as he was forced along the mud guard, which finally had described a half circle on the body; his body then came in contact with the stationary tires which made a contact still higher up on the body and was easily against the chest wall or back if he was rolled in the process. As he reached this point relief came, it is not clear how, and he sat on the running board, where his foreman found him injured. The record is very large for this kind of a case, due to medical expert testimony produced upon the one issue, viz., the causal relation between the injury and cause of death. It appears beyond doubt that death was caused by tuberculosis, and the bone of contention is, did the injury contribute to, accelerate, activate and give velocity to the progress of the disease? If there is any evidence to sustain the affirmative of this proposition, it will be held to be covered by the contract of insurance and appellant cannot escape liability. (*McCahill* v. *N. Y.*

*Transportation Co.*, 201 N. Y. 221.) No matter where the force of the contact was heaviest, either front or rear, if it injured the pelvic cavity so as to set up area inflammation, that inflammation would transmit itself to any weak or weakened organ of the body without much delay. The evidence of the physicians is not satisfactory, and except one, is of a negative goodness. They say it might contribute; none of them explain how this condition came about so soon after the injury, if the injury did not contribute to the condition. There was a sharp conflict between the physicians who had seen the injured man after the injury, in that some evidence was positive as to the absence of a contributing cause, and that which maintained that the injury was or might be a contributing cause. To aid the Commission it called or had called its expert who not only examined all of the evidence but submitted to a severe and extended cross-examination. His opinion was in favor of claimant; that the injury was an activating agency, and contributed to, or quickened, the progress of the otherwise dormant tubercular condition. One of the physicians testified that " any injury received by a man or woman having a tubercular lesion may actuate or may aggravate the condition and may show with such a lesion existing which might not have been revealed for many months or for many years." I think under the evidence the case reached a position before the Commission where section 21 of the Workmen's Compensation Law was applicable. It seems that we have sustained awards on evidence no more potent than the evidence appearing here. Subdivision 7 of section 3 of the Workmen's Compensation Law (as amd. by Laws of 1917, chap. 705) defines " injury " and " personal injury " to mean " only accidental injuries arising out of and in the course of employment and such disease or infection as may naturally and unavoidably result therefrom." The evidence may be held to show that the diseased condition naturally followed the injury and resulted therefrom. (*Schlenker* v. *Garford Motor Truck Co., Inc.*, 183 App. Div. 166; *Matter of Rist* v. *Larkin & Sangster*, 171 id. 71; *Van Gordon* v. *Hires Condensed Milk Co.*, 193 id. 601.) The form of the award is criticised; it is claimed to be in the alternative and that it seeks to incorporate the opinion of a Commissioner in the findings of fact. Either alternative

points to a competent producing cause, and incorporating the facts as found in the opinion of the Commissioner took from rather than added to the award. These findings in awards of the Commission have been repeatedly criticised, and information comes to us that the practice has ceased.

I am in favor of affirming the award.

Award unanimously affirmed.