### 23800. MARYLAND CASUALTY COMPANY et al. v. BROWN.

SUTTON, J. 1. There being some evidence in this case, which was a workmen's compensation case, to substantiate the finding of fact of a single director of the Department of Industrial Relations, which was approved by the whole department on review at the request of the employer, and, on appeal, affirmed by the judge of the superior court, that the claimant, on June 11, 1932, while working for his employer, the Savannah Sugar Refining Company, sustained an accident, which arose out of and in the course of his employment, and, by reason of such accident, that the claimant had been continuously and totally disabled from doing any kind of manual labor, this court will not disturb the same. *Standard Accident Ins. Co.* v. *Kiker,* 45 *Ga. App.* 706 (2) (165 S. E. 850); *Southeastern Express Co.* v. *Edmondson,* 30 *Ga. App.* 697 (119 S. E. 39); *Jackson* v. *Lumberman's Mutual Casualty Co.,* 33 *Ga. App.* 35 (125 S. E. 515); Michie's Ga. Code (1925), § 3154(59).

2. The evidence authorized a finding that the claimant had acute lung trouble, which could have been the result of his being sent into a close tank to assist in the removal of some rivets, where he became overheated and breathed foul air and particles of dust, that he complained to his immediate superior in the employ of his employer that he was getting too "hot," but was ordered by him to remain on the job, which he did, and that immediately on coming out he was sent home, and that he called on a physician that day, who found him to be suffering with lung trouble, with injury to the tissues of the lungs and bronchial tubes, acute inflammatory condition and inability to get his breath quickly. Based upon such evidence, the finding of the commissioner, that the disability of the claimant resulted from an injury or disease arising out of and in the course of the employment and resulting naturally therefrom, was not unauthorized.

3. An injury arises "in the course of the employment" when it occurs within the period of the employment, at a place where the employee reasonably may be in the performance of his duties, and while he is fulfilling those duties or engaged in doing something incidental thereto. An accident arises "out of" the employment when it arises because of it, as when the employment is a contributing cause. The injury must not only arise out of but also in the course of employment, neither alone being sufficient. *New Amsterdam Casualty Co.* v. *Sumrell,* 30 *Ga. App.* 682 (118 S. E. 786).

4. A disease results naturally and unavoidably from an injury within the meaning of the workmen's compensation act (section 2) when it is contracted in a way that is natural to the disease. *United States Casualty Co.* v. *Smith,* 34 *Ga. App.* 363, 374 (129 S. E. 880), s. c. 162 *Ga.* 130 (133 S. E. 851).

5. Applying the foregoing rulings, the court below did not err in denying the appeal of the employer and insurance carrier from the award of the Department of Industrial Relations.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED MARCH 26, 1934.

*Hitch, Denmark & Lovett,* for plaintiffs in error.
*Oliver & Oliver, Joseph M. Oliver,* contra.