24690.   UNITED STATES FIDELITY AND GUARANTY COMPANY *v.* MADDOX.

Decided December 9, 1935.   Rehearing denied January 27, 1936.

*Howell & Post,* for plaintiffs in error.
*Clifford Pratt, Robert L. Russell,* contra.

Sutton, J.   This is a case under the workmen's compensation act of this State.   Mrs. J. J. Maddox, the claimant, is the widow of

a deceased employee of the Winder Oil Mill, which carried compensation insurance with the United States Fidelity and Guaranty Company. The claim for compensation was heard before a single director of the Department of Industrial Relations. The claimant contended that her husband received certain injuries, during the course of and arising out of his employment with the oil mill, which ultimately produced his death, and therefore that she was entitled to compensation. The employer and the insurance carrier contended that the death of claimant's husband was not compensable, it being due to tuberculosis, which disease was neither caused nor aggravated by any injury received by him during the course of his employment with the oil mill, or arising therefrom. The single director held that under the evidence adduced upon the hearing the claimant was not entitled to compensation, that as a matter of fact tuberculosis "germs were in the throat and right lung of the deceased before the accident of June 29, 1933, and were slowly sapping his vitality until his constitution was so weakened until temperature developed, which hastened his death," and that to "assume that the accident of June 29, 1933, was either directly or indirectly responsible for the tb. condition that caused the death of J. J. Maddox would be rash speculation, not authorized by the evidence." This finding was appealed to the board of industrial relations, where it was approved, the board holding that "After a careful review of the evidence the full board is of the opinion that there is not sufficient evidence to establish a causal connection between the accident and the death, and the evidence does not show that the accident was the proximate cause of the death of J. J. Maddox." The claimant appealed to, the superior court. The presiding judge, after a careful consideration of the evidence and law, set aside the award of the department of industrial relations, holding that "the court finds that there is not sufficient competent evidence in the record to warrant the Industrial Commission of Georgia in refusing and denying compensation for the death of J. J. Maddox," and directed the department to fix the amount of compensation to which claimant was entitled under the evidence. The employer and insurance carrier excepted. The holding of the judge was to the effect that the evidence established that the deceased employee either did not have tuberculosis at the time his injury was received on June 29, 1933, and such

disease was caused by this injury, or that he had tuberculosis in a latent form and it was aggravated and caused to flare up and become active by the injury of June 29, 1933, and that in the weakened condition of the deceased this would be the natural result of such injury.

1. Findings of fact of a single director of the department of industrial relations, where approved on review by the full department, stand in this court on the same footing as the verdict of a jury; and where supported by some competent evidence, they will not be disturbed. *Maryland Casualty Co.* v. *England,* 160 *Ga.* 810 (129 S. E. 75); *London Guarantee &c. Co.* v. *Shockley,* 31 *Ga. App.* 762 (122 S. E. 99); *Jackson* v. *Lumberman's Mutual Casualty Co.,* 33 *Ga. App.* 35 (125 S. E. 515); *Burdett* v. *Ætna Life Ins. Co.,* 40 *Ga. App.* 92 (149 S. E. 55). Where the facts found by the directors do not support the order or decree, or where there is not sufficient competent evidence in the record to warrant them in making the award complained of, or where the directors acted without or in excess of their powers, or where the award was procured by fraud, the superior court should set such award aside on appeal, and this court will affirm that judgment. Code of 1933, § 114-710; *Maryland Casualty Co.* v. *England,* supra, s. c. 34 *Ga. App.* 354 (129 S. E. 446).

2. Injury means an injury by accident arising out of and in the course of employment, and does not include a disease in any form, except a disease resulting naturally and unavoidably from the accident or injury received. Code of 1933, § 114-102; *U. S. Casualty Co.* v. *Smith,* 162 *Ga.* 130 (133 S. E. 851).

3. Where the employee dies of a disease that results naturally and unavoidably from an injury received, which injury itself is compensable, such death is within the provisions of the workmen's compensation act, and, nothing else appearing to prevent it, the dependents of such deceased workman should be compensated. See 71 C. J. 585-587, §§ 335, 336.

(*a*) An award denying compensation for the death of an employee, where the evidence is that death resulted from tuberculosis, which the employee had in a latent stage, but which flared into activity as a result of an injury arising out of and in the course of his employment, and where there is no evidence that the death of the employee was the result of tuberculosis alone, not aggravated

or caused to flare up and become active by the injury, was properly set aside by the superior court. The trauma to the chest of the deceased employee was received on June 29, 1933, the tuberculosis became active and death resulted in November, 1933. Tuberculosis may be caused by trauma, or a latent case thereof may be aggravated and caused to become active thereby. See 71 C. J. 603 et seq., §§ 358 et seq.; 20 A. L. R. 76 et seq.; Wabash R. Co. v. Industrial Com., 286 Ill. 194; Van Gordon v. Hire's Condensed Milk Co., 195 App. Div. 601 (184 N. Y. Supp. 402); Schlenken v. Garford Motor Truck Co., 183 App. Div. 166 (170 N. Y. Supp. 439; Van Keuren v. Dwight Divine & Sons, 179 App. Div. 509 (165 N. Y. Supp. 1049), s. c. 222 N. Y. 648 (119 N. E. 1083); Republic Iron &c. Co. v. Markiowicz, 75 Ind. App. 57 (129 N. E. 710); Glennon's Case, 236 Mass. 542 (128 N. E. 942); Retmeis v. Cruse, 67 Ind. App. 192 (119 N. E. 32); *U. S. Casualty Co. v. Matthews,* 35 *Ga. App.* 526 (133 S. E. 875); *Employers Liability Assurance Cor.* v. *Treadwell,* 37 *Ga. App.* 759 (142 S. E. 182); *Great A. & P. Co.* v. *Wilson,* 48 *Ga. App.* 34, 37 (171 S. E. 827); *Maryland Casualty Co.* v. *Brown,* 48 *Ga. App.* 822 (173 S. E. 925).

(*b*) Compensation acts, though in derogation of the common law, are highly remedial in character and should be liberally and broadly construed to effect their beneficial purposes. Such an act will be reasonably construed so as to prevent, if possible, a miscarriage of the objects and benefits for which it is designed. *New Amsterdam Casualty Co.* v. *Sumrell,* 30 *Ga. App.* 682, 689 (118 S. E. 786); *Jones* v. *Georgia Casualty Co.,* 30 *Ga. App.* 207, 210 (117 S. E. 467); *Georgia Casualty Co.* v. *Martin,* 157 *Ga.* 909 (122 S. E. 881).

(*c*) The holding of the judge before whom this matter came on appeal, to the effect that the undisputed evidence showed one of two things, that is, that the deceased employee either did not have tuberculosis just prior to the injury of June 29, 1933, and the same was produced solely by such injury, or that, "if the tuberculosis germ in a latent form was in the throat and lungs of J. J. Maddox, all the competent evidence is to the effect that an infection is quite frequently associated with a trauma or injury to the chest; that it would cause the tuberculosis germ to flare up as a natural result of the injury on June 29, 1933; that in his weakened condition the

latent tuberculosis would be aggravated and accelerated into an active tuberculosis that would naturally result from the injury on June 29, 1933," was proper under the evidence before this court, and is approved.

4. The judgment setting aside the award of the industrial commission, and directing that compensation be paid to the claimant, was not erronous for any reason assigned.

*Judgment affirmed. Jenkins, P. J., concurs. Stephens, J., dissents..*