PHYSICAL CULTURE HOTEL, INC., Appellant, v. TRAVELERS INSURANCE COMPANY, Respondent.— Order reversed on the law, with $10 costs and disbursements, and motion denied, without costs. Memorandum: We reach the conclusion that this complaint sufficiently alleges a cause of action for failure to defend an action brought by one Murray against this plaintiff, defendant's assured. While a copy of the complaint in the Murray action is not annexed to plaintiff's complaint herein, enough is alleged in the present pleading to show that Murray sought damages against this plaintiff for accidental injuries resulting in tuberculosis. The obligation of the insurer was determined by the allegations of Murray's complaint. (*Grand Union Stores, Inc.*, v. *Gen. A., F. & L. Assur. Corp.*, 163 Misc. 451, affd. 251 App. Div. 810; *Grand Union Co.* v. *Gen. Acc., Fire & Life Assur. Corp.*, 254 App. Div. 274, 280-281, affd. 279 N. Y. 638.) On this motion we must assume that Murray's complaint stated

his cause of action in the language as pleaded, and that he pleaded that he sustained accidental injuries as a result of which tuberculosis developed. Such a disease may be the result of an accident. (*Matter of Connelly* v. *Hunt Furniture Co.*, 240 N. Y. 83, 88; *Matter of O'Dell* v. *Adirondack Electric Power Co.*, 223 N. Y. 686; *Matter of Bosdyck* v. *Rochester F. B. Co.*, 245 App. Div. 880, affd. 271 N. Y. 549; *Van Gordon* v. *Hires Condensed Milk Co.*, 193 App. Div. 601; *McGoey* v. *Turin Garage & Supply Co.*, 195 App. Div. 436.) Such cases as *Jackson* v. *Employers' Liability Assurance Corp.* (139 Misc. 686, affd. 234 App. Div. 893, affd. 259 N. Y. 559) and *Taylor Dredging Co.* v. *Travelers Ins. Co.* (90 F. 2d 449) are not necessarily conclusive as, in each, recovery was denied after a trial. Here we are dealing with a complaint only. Nor are *Globe Indemnity Co.* v. *Sterling Stewart Corp.* (257 App. Div. 1027, affd. 283 N. Y. 582) and *Utica Mutual Insurance Co.* v. *Hamera* (162 Misc. 169) necessarily at variance with the present ruling. Broadly construed this complaint pleads a cause of action by the insured against its insurer based on a breach of the latter's covenant to defend. All concur. (The order dismisses the complaint in an action under a liability insurance policy.) Present — Taylor, P. J., Dowling, Harris, Larkin and Love, JJ.