34799. RIEGEL TEXTILE CORPORATION v. VINYARD.

Decided September 19, 1953.

*Matthews, Maddox & Bell,* for plaintiff in error.

*Bobby Lee Cook,* contra.

TOWNSEND, J.   It is well settled that, when a hearing is sought for the purpose of increasing or decreasing compensation payable on the basis of a change of condition, the evidence must show a changed condition arising from future developments as distinguished from conditions existing at the time of the original award or settlement.   Code § 114-709; *Rourke* v. *United States Fidelity &c. Co.,* 187 *Ga.* 636 (1) (1 S. E. 2d 728); *Moore* v. *American Mutual Liability Ins. Co.,* 67 *Ga. App.* 259 (19 S. E. 2d 763). A settlement approved by the board, or an award, is conclusive on both the employer and employee as to the extent of disability of the employee as of the date of such settlement or award, and until the same is superseded by a new award.   *Home Accident Ins. Co.* v. *McNair,* 173 *Ga.* 566 (1 b) (161 S. E. 131).   Here, the original award, entered as a result of stipulations between the parties, fixed the disability of the claimant at slightly over one-fourth, and the question was whether this disability had increased since July, 1952, when it was so fixed.   By the claimant's testimony, whereas he had been able to work to some extent before that date, he was, at the time of the hearing, able to do nothing at all.   He also testified to specific physical disabilities in the region of his abdomen, which facts were corroborated by medical witnesses.   Disability, within the meaning of Code § 114-405 relating to permanent partial disablement, means incapacity for work, or earning capacity.   *Austin Bros. Bridge Co.* v. *Whitmire,* 31 *Ga. App.* 560 (1) (121 S. E. 345); *Bituminous Casualty Corp.* v. *Lockett,* 65 *Ga. App.* 829, 834 (16 S. E. 2d 614); *Lumbermen's Mutual Casualty Co.* v. *Cook,* 69 *Ga. App.* 131 (2) (25 S. E. 2d 67).   The question of what constitutes incapacity for work is one of fact.   *Blue Bell Globe Mfg. Co.* v. *Baird,* 61 *Ga. App.* 298, 300 (6 S. E. 2d 83).   The claimant's position that he was at the time of the last hearing totally incapacitated for work was supported by certain of his testimony showing, not only increased pain, but that as a result of such pain he was totally unable to do certain types of work, which before the accident he had done satisfactorily, and which, be-

tween the time of the operation and the first settlement, he had done to some extent, although with difficulty. One medical witness testified that the muscles of the abdomen were weaker at the time of the last hearing than at the time of the settlement, which testimony related to a question of fact. His further opinion that the claimant's ability to work was the same had only such weight as the director hearing the case might see fit to give it, since opinions of expert witnesses, although entitled to great weight, are not absolutely binding upon the triors of fact. *B. F. Goodrich Co.* v. *Arnold,* 88 *Ga. App.* 64 (2) (76 S. E. 2d 20); *American Motorists Ins. Co.* v. *Blaylock,* 84 *Ga. App.* 409 (66 S. E. 2d 126); *Blanchard* v. *Savannah River Lumber Co.,* 40 *Ga. App.* 416, 424 (149 S. E. 793). There was, accordingly, evidence to authorize the finding in favor of the employee.

The plaintiff in error in effect contends, however, that the testimony most in favor of the claimant's position shows only that he feels worse, and is able to do the same work only with increased pain and difficulty, and that this has no bearing upon the true yardstick, which is the measure of earning capacity. Cited in this connection is *American Mutual Liability Ins. Co.* v. *Hampton,* 33 *Ga. App.* 476 (127 S. E. 155), holding that an original award in favor of a claimant for permanent partial disability is unauthorized where his actual earnings are the same after the accident as before, even though the work costs him more pain and effort. This is true because, as there stated, "the act fails to provide for compensation in cases of partial incapacity, except where the average weekly wages after the injury are less than those prior thereto." Where, however, the increased pain and difficulty of working *result in loss of earning capacity* with consequent actual decrease of earned income, they may be taken into consideration on a hearing based on change of condition, for the purpose of determining the percentage of disability. See, in this connection, *Rhindress* v. *Atlantic Steel Co.,* 71 *Ga. App.* 898 (32 S. E. 2d 554); *Metropolitan Casualty Ins. Co.* v. *Owen,* 46 *Ga. App.* 627 (168 S. E. 88).

There was evidence to sustain the award increasing the disability compensation to be awarded to the claimant, and the judge of the superior court did not err in affirming the same.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*