35659.  WISEBRAM DEPARTMENT STORE *et al. v.*
BOWMAN.

Decided September 12, 1955.

*Marshall, Greene & Neely, Burt De Rieux,* for plaintiffs in error.

*Kennedy, Kennedy & Seay, Harvey J. Kennedy,* contra.

Felton, C. J.  On August 2, 1952, the claimant, while in the course of her employment, reached up to pull a bolt of cloth from

a shelf, and while doing so some cloth and plastic material fell on her. Later that day she consulted her physician. On August 8, 1952, corrective surgery was performed on her for a nodular goiter, cystocele, urethrocele, and rectocele. Cystocele, urethrocele, and rectocele fall within the broad category of gynecological or "female" disorders. The claimant returned to half-time work on December 17, 1952, and to full employment on January 7, 1953.

It is sufficient to say without setting out the evidence that the evidence clearly authorized the finding that the "accident" of August 2 did not cause or aggravate the conditions requiring the corrective surgery performed on August 8, or any disability still remaining due to trouble from the body areas around and in which the operation was performed.

The defendant in error contends that there were two injuries involved: one, the gynecological disorders, and two, the injury to the back and neck; and that the single director and the full board considered only one injury, that of the gynecological disorders.

Dr. Calvin Sandison testified concerning pain in the claimant's back and neck. On examination on January 7, 1953, he found some muscle spasm in the neck and back and an apparent slowness in moving the neck. Assuming that this and other evidence demanded a finding that the pain and any disability in the neck and back were caused or aggravated by the "accident" of August 2, the evidence does not show what portion or percentage of the claimant's disability was caused by such neck and back condition, and what percentage was due to other causes; and consequently there was no evidence on which the single director or the full board could intelligently base an award of compensation.

It is true that the single director, and consequently the full board, denied compensation wholly on the theory that the conditions corrected by the surgery were not caused or contributed to by the "accident" of August 8. However, under the ruling in *American Mutual Liability Ins. Co.* v. *Sisson,* 198 *Ga.* 623 (32 S. E. 2d 295), if the award was authorized it must be affirmed even though the single director and the full board based the award on an erroneous finding and conclusion of fact. The only remedy for this situation is for the General Assembly to provide an addi-

tional reason for reviewing and reversing the awards of the Workmen's Compensation Board.

The court erred in reversing the award of the full board affirming the single director's award.

*Judgment reversed. Quillian and Nichols, JJ., concur.*