36954. HUDGENS *v.* MEEKS & HAMMOND LUMBER COMPANY.

DECIDED JANUARY 20, 1958—REHEARING DENIED FEBRUARY 3, 1958.

96

*John D. Edge,* for plaintiff in error.
*James B. Langford,* contra.

GARDNER, Presiding Judge. 1. Counsel for the employer contend that the bill of exceptions should be dismissed because the alleged errors are not properly assigned. Counsel cites in support of this contention *Jones* v. *Andrews,* 89 *Ga. App.* 734 (2) (81 S. E. 2d 304). While headnote 2 in that case states that only such errors as are properly assigned in the bill of exceptions can be considered by this court, the court properly went on and passed on the assignments of error which were properly presented and then affirmed the judgment of the trial court. That case is not authority for dismissal of the instant case which shows facts entirely different and shows, we think, assignments of error presented in such a way as to be reviewable by this court. Neither is *Brown* v. *Marks Auto Sales,* 93 *Ga. App.* 741 (92 S. E. 2d 832) controlling authority for dismissal. The record in that case is different from the record in the instant case. In *Soman* v. *Yeager,* 209 *Ga.* 444 (73 S. E. 2d 198) the bill of exceptions was based on one premise only, that the judgment was erroneous as being contrary to law and nothing more. There is more than that in the case at bar. When we consider the bill of exceptions as a whole (it is elementary that this must be done) we decline to dismiss on the contention that errors were not properly assigned.

We come next to consider whether or not the court committed reversible error in recommitting the case to the State Board of

Workmen's Compensation. Under Code § 114-710 an order of the State Board of Workmen's Compensation may be rescinded for any of the following reasons: "(1) The members acted without or in excess of their powers; (2) The order or decree was procured by fraud; (3) The facts found by the members do not support the order or decree; (4) There is not sufficient competent evidence in the record to warrant the members in making the order or decree complained of; or that (5) The order or decree is contrary to law." The record in the instant case does not show that any of the above reasons appear as a cause for reversal of the finding of facts and award of the State Board of Workmen's Compensation. No change of condition appears as a cause for reopening the case.

If there is any evidence to support the finding of facts and award of the State Board of Workmen's Compensation this court is without authority to reverse such finding of facts and award. See annotations under Code (Ann.) § 114-710 under catchword "conclusiveness of findings." The Superior Court of Gordon County erred in remanding the case to the full board of the State Board of Workmen's Compensation for another hearing.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*