37479. FORD *v.* LIBERTY MUTUAL INSURANCE COMPANY *et al.*

DECIDED MARCH 13, 1959.

*Albert P. Feldman, Alton L. Hawk,* for plaintiff in error.

*Burt DeRieux, Greene, Neely, Buckley & DeRieux,* contra.

NICHOLS, Judge. 1. Where there is any evidence to support the award of the State Board of Workmen's Compensation, neither the superior court nor this court has any authority to review the evidence and decide that the weight of the evidence is contrary to such award, and under the decision of the Supreme Court in the case of *American Mutual &c. Ins. Co.* v. *Sisson,* 198 *Ga.* 623 (32 S. E. 2d 295), if the award was authorized it must be affirmed even though the single director and the full board based the award on an erroneous finding and conclusion of fact. *Wisebram Dept. Store* v. *Bowman,* 92 *Ga. App.* 587 (89 S. E. 2d 547).

2. In the present case it was stipulated that on April 25, 1957, the deceased completed his day's work at approximately 4:25 p.m., that thereafter he filled out his time card in his own handwriting, clocking out in his writing at 4:30 p.m., that sometime thereafter, he was washing his hands in the wash basin when a pain came upon him in his chest, that thereafter about 4:40 p.m. he was observed in the office of the employer, after receiving his pay check where he seemed to be in a collapsed state on the floor complaining of chest pains, that he was taken to the doctor's office and from there to the hospital. The evi-

dence showed that the deceased passed away shortly after he arrived at the hospital, and there was evidence that the cause of death was a myocardial infarction.

While there was some medical testimony to the effect that exertion on the job by the deceased caused or at least contributed to the heart attack, there was also medical testimony to the effect that had exertion had anything to do with the attack it, the attack, would have occurred while the deceased was working and not five minutes after he had quit work.

The claimant relies on the case of *Hartford Accident & Indem. Co.* v. *Waters,* 87 *Ga. App.* 117 (73 S. E. 2d 70), and cases there cited, to support her contention that the evidence demanded an award in her behalf. In that case it was said: "Where there was no expert opinion to the effect that the exertion contributed to the attack, unless and until some method is developed to ascertain with some degree of certainty that such an attack is not contributed to by exertion, we think that knowledge from human experience, including medical caution against exertion in such cases and the admitted opinion of experts that exertion might contribute to such an attack, authorized the finding in this case, on the weight of reasonable probabilities, that the amount of exertion in this case contributed to the cerebral hemorrhage which caused the deceased's death."

In the case of *Maddox* v. *Buice Transfer &c. Co.,* 81 *Ga. App.* 503 (59 S. E. 2d 329), it was said: "Where the evidence as to the cause of the death of the employee is in conflict, and the Board of Workmen's Compensation finds as a fact that this burden has not been carried, the courts are bound thereby, and the finding of fact of the single director that the claimant is not entitled to compensation will not be reversed by this court."

While in many cases similar to the case sub judice the State Board of Workmen's Compensation has found for the claimant and awarded compensation, this court cannot say, where there was medical testimony to the effect that exertion did not cause the "attack" which occurred after the deceased had quit work, that the fact that the claimant adduced medical testimony to conflict with such evidence that an award in her behalf was demanded. While the evidence adduced on the hearing was

conflicting, the award of the board was authorized by the evidence and the superior court did not err in affirming such award.

In view of what has been above held the other contentions of the claimant that certain other "findings of fact" were unauthorized are moot and will not be considered.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*