## 39005. UNITED STATES CASUALTY COMPANY
### *et al.* v. YOUNG.

Decided September 12, 1961.

*Theodore G. Frankel, Nall, Miller, Cadenhead & Dennis, B. Carl Buice,* for plaintiffs in error.

*Kermit C. Bradford,* contra.

HALL, Judge. The only ground upon which the employer assigns error is that the evidence was insufficient to support the findings of the board and award of compensation. The only question presented is whether the record contains any evidence that the claimant's earning capacity was diminshed. *Reeves v. Royal Indem. Co.,* 73 Ga. App. 2 (35 SE2d 473); *United States Fidelity &c. Co. v. Doyle,* 96 Ga. App. 745 (101 SE2d 600); *United States Fidelity &c. Co. v. Maddox,* 52 Ga. App. 416 (183 SE 570); *Peninsular Life Ins. Co. v. Brand,* 57 Ga. App. 526 (196 SE 264); *Maryland Cas. Co. v. Brown,* 48 Ga. App. 822

(173 SE 925). In the Workmen's Compensation Act, "disability" means impairment of earning capacity. *Blue Bell Globe Mfg. Co. v. Baird*, 61 Ga. App. 298 (6 SE2d 83); *Lumbermen's Mut. Cas. Co. v. Cook*, 69 Ga. App. 131, 136 (25 SE2d 67); *Riegel Textile Corp. v. Vinyard*, 88 Ga. App. 753, 755 (77 SE2d 760). It is true, as the defendant contends, that physical disabilities other than those specified in *Code Ann.* § 114-406, unaccompanied by impairment of earning capacity are not compensable. However, physical disability not specified in *Code Ann.* § 114-406, resulting in total or partial loss of earning capacity, is compensable under *Code Ann.* § 114-404 or 114-405. *Employers Liability Assurance Corp. v. Hollifield*, 93 Ga. App. 51 (90 SE2d 681).

In this case there was some evidence to support an award for partial disability (*Riegel Textile Corp. v. Vinyard*, 88 Ga. App. 753, supra) particularly the testimony that the claimant was no longer able to do heavy work; that he was earning a lower wage doing lighter work; and that the employer was unwilling to re-employ him because of his injury. It is noted that the employer offered no evidence to contradict this last-mentioned testimony. When there is medical testimony "to the effect that in the physician's opinion the employee was able to return to work," and the employee's testimony is "to the contrary," the evidence supports a finding of disability. *Fidelity & Cas. Co. v. King*, 104 Ga. App. 261 (121 SE2d 284).

*Judgment affirmed. Felton, C. J., and Bell, J., concur.*