39609. DAVIS v. FIREMAN'S FUND INSURANCE COMPANY et al.

DECIDED SEPTEMBER 11, 1962.

*Coffin & Brinkley, Jack T. Brinkley,* for plaintiff in error.

*Foley, Chappell, Young & Hollis, W. H. Young, III,* contra.

FELTON, Chief Judge. ■ The first assignments of error are that there was not competent evidence to support the findings that claimant sustained no disability as a result of the injury and that claimant elected to work elsewhere and thus no compensable disability existed.

Under the Workmen's Compensation Act it has been held that "disability" means impairment of earning capacity, and can exist by reason of inability to procure employment as well as incapacity to perform the service. *United States Cas. Co. v. Young,* 104 Ga. App. 373, 375 (121 SE2d 680); *Blue Bell Globe Mfg. Co. v. Baird,* 61 Ga. App. 298 (6 SE2d 83); *Lumbermen's Mut. Cas. Co. v. Cook,* 69 Ga. App. 131, 136 (25 SE2d 67); *Riegel Textile Corp. v. Vinyard,* 88 Ga. App. 753, 755 (77 SE2d 760). Did the claimant sustain an impairment of his earning capacity? There was medical testimony that if the claimant's job consisted of lifting he was 100% temporarily disabled, but the claimant testified that his work consisted mainly of handing tools to other workers when needed and, further, when he returned to work all he did was drive a pickup and pick up parts, not using his injured left arm. The record shows that he was paid his regular wage for the first week after his injury and that he would have been paid the same wage for the second week had he come by the employer's office to pick up his pay. His employer testified that he would have given him light work to do if he had come to work. *Code* § 114-407 provides: "If an injured employee refuses employment procured for him suitable to his capacity, he shall not be entitled to any compensation at any time during the continuance of such refusal, unless in the opinion of the State Board of Workmen's Compensation such refusal was justified."

The claimant alleges an aggravation of the injury on May 3, 1961, but no report of the alleged injury was made to the employer. There was medical testimony that there was no disability other than pain and, disregarding the pain, the claimant was in as good shape as he was prior to the original injury. "Disability is not compensable under *Code Ann.* §§ 114-404 and

114-405 regardless of pain except as there is a decrease in monetary return." *Williamson v. Aetna Cas. &c. Co.*, 101 Ga. App. 220, 224 (113 SE2d 208). "There is no recognition of the elements of pain and suffering, or of increased discomfort and difficulty in performing the labors for which wages are paid after the injury; and as long as the average of these remain the same or more than those previously received, the law allows no compensation through the machinery of the industrial commission." *American Mut. Liab. Ins. Co. v. Hampton,* 33 Ga. App. 476 (1) (127 SE 155). The claimant testified that he had obtained other employment after leaving his former job. His testimony as to his earnings from this other employment varied from $50 to $60 or $65 for a week's work; therefore the board could have found that he earned the maximum amount, or $65. This testimony authorized the finding that the claimant suffered no impairment of his earning capacity, since his regular wage prior to his injury was only $55 weekly. The board's finding that he earned $95, if based on an erroneous finding, is not a ground for reversal of the award, since even under the finding of $65 earnings, which was authorized by the evidence, the award denying weekly compensation because there was no impaired earning capacity was authorized. "Where there is any evidence to support the award of the State Board of Workmen's Compensation, neither the superior court nor this court has any authority to review the evidence and decide that the weight of the evidence is contrary to such award, and under the decision of the Supreme Court in the case of *American Mutual Liability Ins. Co. v. Sisson,* 198 Ga. 623 (32 SE2d 295), if the award was authorized it must be affirmed even though the award was based on an erroneous finding and conclusion of fact. *Wisebram Dept. Store v. Bowman,* 92 Ga. App. 587 (89 SE2d 547)." *Liberty Mut. Ins. Co. v. Thomas,* 99 Ga. App. 124, 125 (108 SE2d 180); *Ford v. Liberty Mutual Ins. Co.,* 99 Ga. App. 257, 258 (1) (108 SE2d 311).

There being competent evidence to support the board's findings, these assignments of error are without merit.

■ Error is assigned on the board's acting without its powers in making an award from a materially incorrect and in-

accurate record. The paragraph of the record which contained the errors was transcribed as follows (corrections, made from the certified transcript, appear in brackets): "A. June. I will have to say further that his was the *respective* [retrospective] statement in there; that on the 12th of June, when we filled these papers out, we asked Julian when he returned to work assuming that he did not return with his arm still hurting him. My secretary filled in this blank, she does these blanks and I accept the responsiblity for them, but I signed this saying he was able to return to work and like I said, this is a *record specular* [retrospective] because he assuming that he had not known by this agreement." (Emphasis supplied.)

The doctor who gave this testimony also testified that he had seen the claimant on the date of the injury and also the next day, and that he had filled out an insurance form in regard to the claimant on June 12th; therefore it was patent that the statements made in the report were retrospective to the time at which the doctor examined the claimant. This was not such an error as would have been likely to mislead the board; therefore the court might have properly affirmed the award even without consideration of the claimant's corrective amendment to the transcript of the record. This ground is therefore without merit.

The court did not err in its judgment affirming the award of the board.

*Judgment affirmed. Bell and Hall, JJ., concur.*