### 46710. JONES v. U. S. FIDELITY & GUARANTY COMPANY et al.

QUILLIAN, Judge. This is an appeal from an order affirming an award of the State Board of Workmen's Compensation. The parties stipulated that the claimant had an injury to her back arising out of and in the course of the employment on August 17, 1970. The sole question remaining to be determined was as to the duration of her disabilty.

Following the injury, appellant returned to work on August 25, 1970, and was discharged the next day. She testified she had tried to find work since being fired but at all

times between the date of being discharged and the date of the hearing she was still unemployed.

At the hearing the claimant testified: that she was still suffering and disabled; that she was told on October 19 by the doctor that her "discomfort" would disappear in some four to six weeks. She was still taking Darvon, a prescriptive drug, as needed. There was testimony by one of the employer's employees, that the claimant was discharged because of unsatisfactory work and in no way connected with her injury. In regard to her application for other employment there was no evidence that she did not receive the jobs because of her physical condition.

The physician who treated the claimant testified: that he examined the claimant on October 19, 1970; that she told him at that time she had returned to her usual activities; that in his opinion she had recovered from the contusion of the lower back which she sustained on August 17, 1970; that in his opinion she was able to return to her usual job as a file clerk. There was evidence that the physician told the claimant on October 19, 1970, that she would have a discomfort in her back for four to six weeks and that she could take Darvon, which is a mixture of aspirin and caffeine, for this discomfort.

The award of the State Board of Workmen's Compensation granted the claimant compensation from the date of the accident until October 19, 1970. *Held:*

The evidence was sufficient to support the award of the State Board of Workmen's Compensation. *Ford v. Liberty Mut. Ins. Co.,* 99 Ga. App. 257, 258 (108 SE2d 311). There was testimony that the claimant would be subject to some discomfort to her back from four to six weeks from the date the attending physician released her. However, this discomfort, unless it be such that it prevented the employee from performing her duties, would not be considered disability within the meaning of the Workmen's Compensation Act. *Hall v. St. Paul-Mercury Indem. Co.,* 96 Ga. App. 567, 569 (101 SE2d 94).

*Judgment affirmed. Jordan, P. J., and Evans, J., concur.*

SUBMITTED NOVEMBER 2, 1971—DECIDED JANUARY 20, 1972.

*Albert P. Feldman,* for appellant.
*Hopkins & Gresham, H. Lowell Hopkins,* for appellees.