## 46803. INTEGRITY NATIONAL LIFE INSURANCE COMPANY v. DAVID.

QUILLIAN, Judge. 1. This is an appeal from the judgment of the superior court affirming an award of the State Board of Workmen's Compensation. There was evidence that the claimant sustained myocardial infarction while engaged in his duties as an insurance debit agent. At the time of the attack the claimant had made 20 to 25 calls on policyholders. There was medical testimony by Dr. Avret that: "It is my professional opinion that the physical exertion in which Mr. David allegedly engaged on the morning of . . . February 10th, '69, in conjunction with the obvious coronary arteriosclerosis which he had, contributed to his having sustained the acute myocardial infarction at that time." There was also medical testimony that the claimant suffered some disability from the attack and the claimant testified he was not able to return to his employment. This evidence was sufficient to support the award. *Hudgens v. Meeks & Hammond Lumber Co.*, 97 Ga. App. 95, 97 (102 SE2d 71).

2. The appellant contends the award should be reversed because the award contained the following language: "The full board finds that the evidence in this case, when studied in its entirety, shows without question that the work-related activities of the claimant on the day claimant sustained a heart attack were the cause of accident and injury." We agree that to say that the claimant's activities caused the attack "without question" was incorrect because there was a conflict in the medical evidence as to the cause. However, the affect of the award was to find that such activity caused the attack and this finding was authorized.

*Judgment affirmed. Hall, P. J., and Pannell, J., concur.*

ARGUED JANUARY 10, 1972—DECIDED JANUARY 31, 1972—

REHEARING DENIED MARCH 2, 1972.

*Swift, Currie, McGhee & Hiers, James B. Hiers, Jr.,* for appellant.

*Ben F. Sweet,* for appellee.