### RODGERS v. MUTUAL ENDOWMENT ASSESSMENT ASSOCIATION.

1. An acceptance of service of complaint by defendant's attorneys disregarded, it having been made under a misunderstanding between counsel as to the service of the summons.
2. The distinction between *subject of action* and *cause of action* considered.
3. An agreement was made in this State between a citizen thereof and a foreign Mutual Assessment Life Insurance Association, whereby application was made for membership and the amount then paid was to be refunded, if the application was rejected; the rules of the Association required proof of death claims to be made at the home office, when an assessment was to be made and the claims paid there. *Held*, that the claim of the beneficiaries under such citizen's certificate after his death was not a cause of action that arose in this State.

4. The cause of action not having arisen in this State and such foreign corporation having no property here, it could not be made a party defendant to an action by the beneficiaries on this certificate.

Before PRESSLEY, J., Richland, July, 1881.

Action by Ann S. Rodgers, widow, and her children, against the Mutual Endowment Assessment Association of Baltimore, Maryland. After service of the summons as stated in the opinion, defendant wrote to counsel to represent it. Such counsel, in ignorance of where the cause of action arose, or that defendant had no property or agency in this state, understood from a conversation with plaintiffs' attorneys that the summons had been properly served, and then demanded and accepted service of a copy-complaint. As soon as defendant's attorneys learned the real facts, without answering they made a motion to set aside the summons and complaint, as the defendant had not been brought within the jurisdiction of the Court.

This motion was refused, his honor saying that where a contract might be performed by one of the parties in one place and is to be performed by another one of the parties in another place, the contract may be performed in either place, and the cause of action may arise in either.

Defendants appealed upon several exceptions, all of which raised the single point that the cause of action did not arise in this State, and that, therefore, the motion should have been granted.

Messrs. *Pope & Haskell*, for appellants.

Messrs. *N. K. Perry* and *J. T. Seibles*, contra.

August 8, 1882. The opinion of the Court was delivered by

MR. JUSTICE McGOWAN.—" The Mutual Endowment Assessment Association of Baltimore, Maryland " is a body corporate, as its name indicates, of the State of Maryland. It seems to be a peculiar kind of life insurance company, which extends its benefits not by issuing policies of insurance to strangers in

the usual way, but by the parties to be insured becoming members of the association, and mutually participating in the profits and losses of the risks taken. When one is accepted as a member he receives a certificate that he is a beneficiary and "entitled to mortuary benefits, to be assessed according to the tables of the association; and to be paid at the office of the association within ninety days after the death of said member shall have been satisfactorily established. All dues payable at the office of the association in Baltimore."

It seems that the association had a canvassing agent, J. J. Mackey, who induced John W. Rodgers, of Columbia, South Carolina, to make application to become a member of the association, and gave him the following paper. "Office of Mutual Endowment Assessment Association, Baltimore, Md., Sept. 8, 1880. Per due bill. Received of J. W. Rodgers the sum of fifteen dollars, it being the amount specified in the application for a membership in the Mutual Endowment Assessment Association of Baltimore. If said application is not accepted by the association the above due bill shall be returned. (Signed)   J. J. Mackey, Agent."

Nothing further appears to have been done until March 5, 1881, when Rodgers died without having received his certificate of membership. The association refused to pay anything and Anna S. Rodgers, widow, and the other plaintiffs, children of John W. Rodgers, filed the complaint in Richland County, South Carolina, claiming judgment against the association for $2500, the alleged insurance on the life of the said John W. Rodgers, deceased. An order of publication was allowed against the corporation as an absent defendant, and a copy of the complaint was served on the secretary of the company in Baltimore. A motion was made on behalf of the defendant corporation to set aside the summons and complaint on the ground that the same had not been served on the defendants, so as to bring them within the jurisdiction of the Court. The Circuit Judge refused the motion and gave leave to answer, and the appeal comes to this Court alleging error in that order.

We agree with the Circuit Judge in disregarding the matter

of alleged acceptance of service by the attorney of the defendant, as that was clearly shown to have been a *misunderstanding* and was very properly not urged by the plaintiffs' attorney.

The single question is whether legal service was made upon the defendant, a foreign corporation, having neither office, officer nor property within the State. It is fundamental that a Court cannot adjudge any matter, unless the party interested is properly before it. Every man has a right to be heard and no binding judgment can be rendered against him unless he can be considered as legally present. Was the defendant here sued, a corporation of the State of Maryland, properly before the Court?

The old rule certainly was that a party could only be brought before the Court, so as to make the judgment binding upon him in one of two ways; that is to say, either by *personal service* in some form or other, or by *seizing his property* within the jurisdiction and making publication for him to come in and defend; and in the latter case the judgment could only affect the property attached. But the code of procedure has made some change and laid down some rules upon the subject, intended to cover every case which can possibly arise under the general head of " Manner of commencing civil actions ;" the first part of section 158 provides as follows : " When the person on whom service of summons is to be made can not, after due diligence, be found within the State, and that fact appears by affidavit to the satisfaction of the Court or a judge thereof, or of the Probate Judge of the County where the trial is to be had, and it in like manner appears that a cause of action exists against the defendant in respect to whom the service is to be made, or that he is a proper party to an action relating to real property in this State, such Court or judge may grant an order that the service be made by *the publication of a summons in either of the following cases, viz.:* Where the defendant is a foreign corporation, has property within the State, *or the cause of action arose therein.*"

It is admitted that the corporation has no property in the State and the effort is made to bring this case under this pro-

vision, and the question is whether, according to the facts, the *cause* of *action arose in this State*. If not, the defendant could not be made a party by publication. What is *the cause of action?* We must keep in view the difference between the subject of action and *the cause of action*. The subject of action is what was formerly understood as the *subject-matter* of the action, and, as Mr. Pomeroy says, "finds its primary and far more important application in equitable rather than legal proceedings. *The cause of action* is *the right* claimed or wrong suffered by the plaintiff on the one hand and the duty or *delict* of the defendant on the other, and these appear by the facts of each separate case." See *Hayes* v. *Clinkscales*, 9 *S. C.* 453, where the doctrine is approved. "The cause of action must always consist of two factors, (1) the plaintiff's primary right and the defendant's primary duty, whatever be the subject to which they relate, person, character, property or contract; and (2) the *delict*, or wrongful act or omission of the defendant by which the primary right and duty have been violated."

According to these principles did the *cause of action* arise here or in Maryland? and in making this inquiry the first point is where, as matter of fact, was the alleged contract to be performed? "When the contract is made in one place and to be performed in another, the cause of action upon such contract *arises* at the latter place." *Story's Conf. Laws*, § 280; *Bank of Commerce* v. *Railroad Co.* 10 *How. Prac.* 1, and the authorities cited. We will not consider any agreement alleged to have been made in this State between Mackey, the agent, and Rodgers at the time the due bill and receipt were executed, except what appears in those papers. They must be looked to as containing the contract, if any, and looking at them we cannot see that any contract was made in the State, except that Rodgers, having taken the initiatory step, might file his application for admission as a member of the association, and if "said application is not accepted by the said association the above due bill shall be returned." The admission was to depend on a future event and that was to be *determined at Baltimore.* It does not appear whether Rodgers ever applied and actually became a member, so as to be entitled "to the mor-

tuary benefits." It is certain that he never received the certificate of membership, and it may be that he never complied with the requirements which were made necessary to full membership.

But assuming that he did apply, and, having paid up all his dues, was a full member when he died, from the very nature of the association, he was not merely a stranger insured, but *a member of a foreign corporation ;* and though living in South Carolina, bound by all its rules, one of which was that in case of death, his representative would be entitled, not to a fixed and certain sum, but to benefits " to be assessed according to the tables of the association and *at the office of the association* in *Baltimore,* provided the assessment did not exceed $2500." If Rodgers never became a member no contract was ever consummated.

If he did become a member, and that membership imposed an obligation upon the corporation, it was by its terms to be *performed in Baltimore.* The applying member lived in this State, and the first preliminary step was taken in this State. He died in this State and the plaintiff, who claim benefit from his act reside in this State, but the defendant corporation is located in Maryland, and *the contract was to be performed there.* The *delict* which created the cause of action was in refusing to pay the mortuary benefits according to the tables of the association, all which by the contract was to be done at the office in Baltimore. We cannot in any point of view, see that the cause of action arose in this State.

The judgment of this Court is that the judgment of the Circuit Court be reversed and the motion to dismiss the complaint granted.