### 15759.  TRAVELERS INSURANCE COMPANY *v.* ALBIN.

The word "member," as used in the workmen's compensation act, does not embrace the ear.

The judgment of the court below in this case is without evidence to support it.

DECIDED APRIL 14, 1925.

Appeal; from Floyd superior court—Judge Wright. June 7, 1924.

Lamont Albin, while working for the Texamoga Clay Products Company, was injured by an explosion. He applied to the in-

dustrial commission of Georgia for compensation for the loss of his left hand, and an award was entered in his favor. Later he applied for further compensation, for the loss of hearing of his left ear. Upon the hearing of this application before Commissioner Slate compensation was granted for the loss of hearing, and upon a review of this award by the full commission it was approved. Thereupon the insurance carrier, Travelers Insurance Company, appealed to the superior court of Floyd county. The judge presiding affirmed the award of the full commission, and the insurance carrier brought the case to this court.

*McDaniel & Neely, Maddox, Matthews & Owens,* for plaintiff in error.

*Porter & Mebane,* contra.

BLOODWORTH, J. (After stating the foregoing facts.)

1. Whether the judgment of the lower court should be reversed or affirmed depends upon the construction of certain sections of the workmen's compensation act (Ga. L. 1920, p. 167). It was not insisted that total incapacity to work resulted from the injury to the ear. Under the facts shown by the record, should the award for partial incapacity be sustained? Section 31 of said act (pp. 183, 184) is in part as follows: "That except *as otherwise provided in the next section hereafter,* when the incapacity for work resulting from the injury is partial, the employer shall pay, or cause to be paid, as hereinafter provided, to the injured employee during such incapacity, a weekly compensation equal to one half the difference between his average weekly wages before the injury and the average weekly wages which he is able to earn thereafter, but not more than twelve dollars a week, and in no case shall the period covered by such compensation be greater than three hundred weeks from the date of the injury." (Italics ours.) Section 32 of the act (p. 184), referred to in section 31 as "the next section hereafter," makes no provision for the payment of compensation when there is a loss of hearing in one ear only. Section 32 (q) (p. 185) provides: "For the complete loss of hearing in both ears, fifty per centum of average weekly wages during one hundred and fifty weeks." It will be seen that section 31 provides that "when the incapacity to work resulting from the injury is partial" the injured employee shall be paid "a weekly compensation equal to one half the difference between his average weekly wages before

the injury and the average weekly wages which he is able to earn thereafter." Therefore, before an award could be legally made under this provision of the law, there must be evidence to show the amount of the employee's average weekly wages before and after the injury. There being no such evidence in this case, the judgment of the lower court is without evidence to support it.

2. In the brief of the defendant in error it is insisted that the ear is a member of the human body, and that he, as plaintiff, is entitled to recover under section 32 (r) of the workmen's compensation act, supra, which section provides for the "loss of a member" and "for partial loss of or for partial loss of use of a member." We can not agree with this contention. While section 32 (q) of the act just referred to provides that compensation shall be paid "for the complete loss of hearing in both ears," there is no express provision in the act for the loss of hearing in one ear. Even if the loss of hearing in one ear could be considered the loss of an ear, the word "member" does not, in contemplation of the statute we are now discussing, embrace the ear. The new Standard Dictionary defines "member" as "a limb or other functional organ of an animal body, as an arm or a leg; a private part." In Webster's New National Dictionary we find this definition of "member:" "A part or organ of the animal body; especially a limb or other separable part." In State v. Melrose, 143 Minn. 397, 402 (173 N. W. 857, 18 Negligence & Compensation Cases Ann. 1084), a case which arose under the workmen's compensation act of Minnesota, it was said: "In common usage the term 'member' as applied to the human body means the extremities of the body, and particularly the arms and legs." So it is clear in this case that Albin can not recover for the loss of or partial loss of the use of an ear as a "member."

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*