## 27700. BLUE BELL GLOBE MANUFACTURING COMPANY v. BAIRD.

Decided November 25, 1939.    Rehearing denied December 9, 1939.

*Neely, Marshall & Greene,* for plaintiff in error.

*G. Pierce Martin, Joe Quillian,* contra.

Stephens, J.   Henry Baird brought suit against Blue Bell Globe Manufacturing Company claiming damages for injury to his hearing.   The plaintiff alleged that he was employed by the defendant, and while engaged in the performance of the duties of his employment, which consisted in loading heavy bales of clothing into railroad freight box-cars, he was injured as a result of his fellow servants carelessly, on account of their unfitness and incompetency, allowing a large bale of overalls to fall upon him and mash his shoulder and neck and the right side of his head, bursting the ear drum of his right ear, and causing him to entirely lose his hearing in that ear.   The plaintiff alleged that his injuries were the result of the defendant's negligence in knowingly employing physically unfit and incompetent employees to aid the plaintiff in loading these heavy bales.   The plaintiff further alleged "that at the time he sustained the injury to his ear, that he sustained other injuries that are compensable under the workmen's compensation act, and, for the reason that he was working under said act, he has not the right to bring a suit for same at common law, but expressly reserves his right to sue for same under said act in the manner and form therein provided.   .   .   That under the workmen's compensation law that the loss of hearing in one ear is not a compensable injury and he has a right to maintain a common-law suit for this purpose;" that he "has thereby been rendered physically unfit by the said injury to his ear and the total deafness produced thereby for any kind of work, and on this account is unable to secure a job

of any kind;" and that the defendant "discharged him because his injury incapacitated him to such an extent that he could not do his work in a satisfactory manner." The defendant demurred to the plaintiff's petition on the grounds, among others, that no cause of action was set forth against it, and because the petition showed that at the time of the accident and injuries complained of the plaintiff and the defendant were subject to the provisions of the compensation act, and that, under the Code, § 114-103, the plaintiff was debarred from maintaining and prosecuting this action. The judge overruled the demurrer and the defendant excepted.

"The rights and remedies herein granted to an employee where he and his employer have accepted the provisions of this Title, agreeing respectively to accept and pay compensation on account of personal injury or death by accident, shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents or next of kin, at common law or otherwise, on account of such injury, loss of service or death." Code, § 114-103. Under the provisions of this section of the compensation law, if the plaintiff was injured by an accident growing out of and occurring in the course of his employment, no common-law action against his employer could be maintained. An injury or personal injury under the act means an injury by accident arising out of and in the course of the employment. See Code, § 114-102. With the exception of the specific members dealt with in Code, § 114-406, the amount of compensation which an employee is entitled to receive for an injury is determined by his diminished earning capacity as provided in §§ 114-404 and 114-405. Therefore, if any injury to the employee, by accident arising out of and in the course of his employment, either totally or partially impairs his earning capacity, such injury is compensable under the act.

Since the Georgia compensation act does not compensate for injuries which do not impair the employee's earning capacity, or fall within the provisions of the Code, § 114-406, as to loss of a member, the loss of hearing in only one ear is not, in the absence of a showing of impaired earning capacity, compensable under the workmen's compensation act, nor included within it. See 2 Schneider's Workmen's Compensation Law, 1420-1422, § 414; *Travelers Ins. Co.* v. *Albin,* 33 *Ga. App.* 666 (127 S. E. 804).

However, in the case now before this court, which is on demurrer, it is alleged that the plaintiff's earning capacity was destroyed because of the injury resulting in total deafness, that he was unable to perform his work, that the defendant discharged him, and that he was unable on account of such deafness to procure any kind of work. In these circumstances the case is not one for the loss of a member, as in *Travelers Ins. Co.* v. *Albin,* supra, and compensable under the Code, § 114-406, or not at all, but falls within the provisions of the Code, §§ 114-404, 114-405, which allow compensation for any injury by accident arising out of and in the course of the employment of the injured employee, based on the extent of the impairment of his earning capacity, whether partial or total, caused by the injury. This distinction was recognized in *Travelers Ins. Co.* v. *Albin,* supra, wherein it was stated that the loss of hearing in one ear was not compensable under the Code, § 114-406, and that "it was not insisted that total incapacity to work resulted from the injury to the ear."

The question as to what constitutes incapacity is one of fact. Loss of earning power is the basis for an allowance of compensation. Incapacity has been said to exist by reason of inability to procure employment as well as incapacity to perform the service. Compensation under the workmen's compensation act depends on diminution of earning capacity. The word "disability," as used in the act means impairment of earning capacity. See *Austin Bros. Bridge Co.* v. *Whitmire,* 31 *Ga. App.* 560 (121 S. E. 345) ; *American Mutual Liability Ins. Co.* v. *Hampton,* 33 *Ga. App.* 476 (127 S. E. 155) ; Notes in 17 A. L. R. 210, and 88 A. L. R. 630.

It appears from the petition that the plaintiff was working under the workmen's compensation act at the time he was injured, that his injury was by accident and arose out of and in the course of his employment, and that the injury to his ear, resulting in deafness therein, totally incapacitated him from earning a livelihood. In these circumstances, under the foregoing principles, the injury to the plaintiff's ear was compensable under the act, and the plaintiff was not entitled to maintain an action at common law, there being no question of his having elected not to accept the provisions of that act as provided thereby. It follows that the trial judge erred in overruling the defendant's demurrer to the plaintiff's petition.

*Judgment reversed. Sutton and Felton, JJ., concur.*