16303

LONG v. CAPPELL *ET AL.*
(57 S. E. (2d) 415)

244

*Messrs. Mann &Arnold,* of Greenville, *for Appellants,*

*Messrs. Culbertson & Foster,* of Greenville, *for Respondent,*

January 3, 1950.

FISHBURNE, Justice.

This cause was heard in the County Court of Greenville County on appeal by the defendants, employer and insurance carrier, from an award made by the South Carolina Industrial Commission in favor of the plaintiff for partial loss of hearing in his left ear; and the Court affirmed the action of the Commission.

It is conceded that the claimant sustained an accidental injury arising out of and in the course of his employment which resulted in impairing the hearing in his left ear to the extent of forty per cent. The only question involved in this appeal is whether the Industrial Commission may make an award for partial loss of hearing under the Workmen's Compensation Law, Section 7035-34, where the claimant has suffered no loss or diminution of earning capacity.

In the case at bar, there was no loss of earning capacity, so that unless partial loss of hearing in an ear may be treated as a permanent partial disability of a member of the body for which a scheduled award is specified, irrespective of earning capacity, the claimant is without remedy for this accidental injury.

The issue presented makes necessary an analysis of the applicable section of the Code. Section 7035-34, paragraphs (a-r), provides the compensation payable for the loss of thumbs, fingers, toes, or a part thereof; and hands, arms, feet, legs and eyes. In the next paragraph, (s), there is provided compensation for the "complete loss of hearing in one ear * * * and in both ears." Then follows paragraph (t), which provides: "Total loss of use of a member or loss of vision of an eye shall be considered as equivalent to the loss of such member or eye. The compensation for partial loss of or for partial loss of use of a member or for partial loss of vision of an eye shall be such proportion of the payments above provided for total loss as such partial loss bears to total loss. Loss of both arms, hands, legs, or vision in both eyes shall be deemed permanent total disability, and shall be compensated under § 7035-32."

From a consideration of the foregoing specific provisions, it follows that if an ear is a member of the body—and it is—compensation may be granted by the terms of the statute for a partial loss of hearing. It seems clear to us that where the statute provides "for partial loss of the use of a member" of the body, the only reasonable and logical conclusion to be derived from this language is that the word "member" includes an ear. In our opinion, an ear is as much a member of the body as a finger, a toe, an arm, or an eye. Partial loss of the use of an ear can only be referred to the sense of hearing.

Appellants rely upon the case of *Travelers' Insurance Co. v. Albin,* 33 Ga. App. 666, 127 S. E. 804. In that case the Court of Appeals of Georgia had under consideration the application of similar provisions of the Georgia Compensation Statute to the same state of facts as found in the case at bar. The Georgia statute provides compensation only for a "complete loss of hearing in both ears;" Laws Ga. 1920, p. 185, § 32(q), and the court held that the loss of hearing in one ear could not be considered as a loss or partial loss of the use of a "member."

The Supreme Court of Tennessee, in construing the provisions in that State's Workmen's Compensation Law, similar to ours and similar to that of the State of Georgia, has given the Act a more liberal construction so as to include an ear as a member of the body. In the case of *Jackson v. Diamond Coal Co.,* 156 Tenn. 179, 299 S. W. 802, 803, the court had under consideration the construction of the following provision: "For the complete permanent loss of hearing in both ears, fifty per centum of average weekly wages during one hundred and fifty (150) weeks." Pub. Laws 1919, c. 123. Following the above schedule, the Tennessee statute provides compensation "In cases of permanent partial disability due to injury to a member resulting in less than total loss of use of such member not otherwise compensated in this schedule  *   *   *."

Interpreting the foregoing provisions of the statute, the Tennessee Court stated in its decision: "The stipulated compensation for an injury to the ear is to be awarded when the injury results in 'the complete permanent loss of hearing in both ears.' This language indicates to us that the Legislature considered the organs of hearing as a unit, dealing with them as it dealt in other paragraphs of the schedule with more tangible members or parts of the body, such as a finger, a hand, an arm, or a leg  *   *   *   The effect of the injury on the sense of hearing is the test or measure of the compensation to be awarded." And the Court affirmed for partial loss of hearing in one ear. We are in accord with this reasoning: See also *Bednar v. Ingersoll Rand Co.,* 279 N. Y. 80, 17 N. E. (2d) 777.

The Supreme Court of Tennessee in *Jackson v. Diamond Coal Company, supra,* considered the contrary holding of the Court of Appeals of Georgia in the case of *Travelers' Ins. Co. v. Albin, supra.* Commenting upon the Georgia decision, the Court stated: "That court held that the loss of hearing in one ear could not be considered as a loss or partial loss of the use of a member, giving to the word 'member' a dictionary definition limiting it to the extremities, and holding that

an ear could not be considered as a member. We have been able to find no other case dealing with statutory provisions similar to ours, as applied to the facts here under consideration, and we are not able to follow the reasoning in the case cited."

In our opinion, the Workmen's Compensation Law, Sec. 7035-34, clearly contemplates the award of compensation not only for the complete loss of hearing in one or both ears, but also the partial loss of hearing in one or both ears; and by a fair construction, the legislative intent must be held to include the ear as a member of the body. To hold otherwise, we would be giving the word "member" used in the statute a restricted or literal meaning which would defeat the legislative purpose. We are convinced, under the rule of liberal construction, that a permanent partial loss of hearing should be compensated in accordance with the schedule provided in Paragraph (t), Section 7035-34.

Judgment affirmed.

BAKER, C. J., and STUKES, TAYLOR and OXNER, JJ., concur.