## SENN
### v.
### OLD AMERICAN INS. CO.
### Civ. A. No. 3679.

United States District Court
E. D. South Carolina,
Columbia Division.

April 22, 1954.

Edgar L. Morris, Columbia, S. C., for plaintiff.

Joseph L. Nettles, Columbia, S. C., for defendant.

WYCHE, District Judge. (sitting by designation)

This matter was tried before me on stipulated facts, together with certain additional testimony. It appears that in January, 1949, George Lee Senn procured from the defendant a policy of accident insurance. The policy is of the type commonly denominated "limited" or "ticket policy", and all dealings thereabout between the parties were through the mails.

The policy provides that it shall not cover "any person who has lost any member or the sight of both eyes". George Senn had, about 1909 or 1910, lost his left foot by severance, but this fact was not known to the defendant. George Senn was killed by lightning in June, 1951. Claim was made by the plaintiff, who was the beneficiary under the policy, for the death benefit; and it was apparently in the course of the investigation of this claim that the defendant learned that the assured had lost his foot. The insurer denied the claim on the basis of the policy exclusion and tendered to the beneficiary the premiums which had been paid upon the policy. This suit followed.

Plaintiff contends that the loss of the foot had no connection with the death by lightning and hence that even if there were misrepresentations thereabout by Senn in connection with the issuance of the policy, this is immaterial. See Annotation, 148 A.L.R. 912. Defendant insists that the issue presented is not one of misrepresentation, but of a risk excluded or excepted by the policy, and that such an exception is not in the class of misrepresentations which are frequently

required to be causally connected with the loss. 1 Appleman Insurance Law and Practice, Section 8.

In that respect this case is similar to Benham v. Kentucky Central Life & Accident Insurance Company, 240 Ky. 169, 38 S.W.2d 954 in which the Court said: "Counsel for appellant devotes much time to a discussion of whether certain evidence bearing on the question of false representation as to age was properly admitted, as the application was not attached to the policy. In view of the conclusion of the court, it will not be necessary to discuss the admissibility of this evidence. The policy plainly provides that if the insured is under the minimum of 18 years or over the maximum of 54 years at his nearest birthday, it is null and void. There can be no doubt that the insurer may confine the risks which it will accept to certain ages, and provide in substance that the policy shall not cover risks not falling within the prescribed age limits."

It is not a question of whether the loss of the foot contributed to the death, but a question of whether or not the loss of the foot prevented the policy from ever taking effect.

■ It is well settled that an inusrer has the right to deny coverage to a risk which it regards as more hazardous and less desirable than it wishes to insure. This can be done by an express provision in the contract, and this seems to be the method commonly used in policies of this type. The case of Reed v. Travelers' Insurance Company, 227 Mo.App., 1155, 60 S.W.2d 59, 60, involved a similar exclusion. The policy there excluded from coverage persons " 'maimed, crippled or deformed, or bereft of reason, sight or hearing' ". Prior to the issuance of the policy, the assured had lost his left foot by amputation midway between the ankle and the knee. In response to the contention that the insurer would have to show the causal connection between the insured's condition and the accident for which claim was made, the Court said: "The only question to be determined is whether under the conceded facts the plaintiff was of a class, or whether his status was such as made the policy void as to him. The clause making the policy void as to persons maimed, crippled, or deformed, states an excepted risk. In other words, the insurance coverage never extended to a person of the class or status mentioned. * * * Under the exclusion clause in this policy * * * the defendant's liability does not depend upon whether the maimed, crippled, or deformed condition contributed to bring about the injury. The policy, instead of saying it shall become void if the injury is the result of the insured's maimed, crippled or deformed condition, absolutely refused to insure any person who is crippled, maimed, or deformed. The policy is the contract, and, although an insurance contract, it is to receive a reasonable interpretation consonant with the apparent object and plain intent of the parties."

■■ The contract of insurance in this case was issued in Missouri, premiums were payable in Missouri, and all actions in connection therewith were required to be performed in Missouri. There was no solicitation in South Carolina, nor does it maintain any offices or agents here. Consequently, the Missouri law thereabout is controlling. Kansas City Life Ins. Co. v. Wells, 8 Cir., 133 F. 2d 224; Cantey, Adm'r v. Philadelphia Life Ins. Co., 1932, 166 S.C. 181, 164 S.E. 609; Rodgers v. Mutual Endowment Association, 1882, 17 S.C. 406; Couch, Cyclopedia of Insurance Law, Section 194, et seq. Although the Court which rendered the Reed decision, supra, is an intermediate Court of Appeals of Missouri, this decision will be followed by the United States Courts. Stoner v. New York Life Ins. Co., 311 U.S. 464, 61 S.Ct. 336, 85 L.Ed. 284.

■ The exclusion, therefore, is valid and the policy never came into existence as the assured was of the class excluded.

In common usage and in the law, a foot is a "member". State ex rel. Melrose Granite Co. v. District Court, 1919,

143 Minn. 397, 173 N.W. 857; Long v. Cappell, 1950, 216 S.C. 243, 57 S.E.2d 415, and see Annotation, 16 A.L.R. 955.

It is, therefore, ordered, that judgment be entered in favor of the defendant.