35937. EMPLOYERS LIABILITY ASSURANCE CORP. *et al.*
v. HOLLIFIELD.

DECIDED NOVEMBER 17, 1955.

*John M. Williams,* for plaintiff in error.

*McClure & McClure, Wade H. Leonard,* contra.

TOWNSEND, J.  Where there is an injury to a specific member listed under Code § 114-406, and a percentage of loss of use of such member can be determined, compensation is payable in the relationship that the percentage of loss of use bears to the total loss of the member.  Where the injury is not to a specific member, compensation must be determined under Code § 114-404 "when the incapacity to work resulting from an injury is total" or under Code § 114-405 "where the incapacity for work resulting from the injury is partial."  Under the two latter Code sections, "disability" means not percentage of physical impairment but percentage of impairment of earning capacity.  *Blue Bell Globe*

*Mfg. Co.* v. *Baird,* 61 *Ga. App.* 298 (6 S. E. 2d 83). It is obvious in the present case that if the claimant is suffering physical impairment resulting from her injury she is not entitled to compensation for loss of use of any member but is entitled to compensation for whatever loss of earning capacity she has sustained as a permanent result of the accident. "The incapacity for work resulting from such an injury is total not only so long as the injured employee is unable to do any work of any character, but also while he remains unable, as a result of his injury, either to resume his former occupation or to procure remunerative employment at a different occupation suitable to his impaired capacity." *Austin Bridge Co.* v. *Whitmire,* 31 *Ga. App.* 560, 566 (121 S. E. 345); *Lumbermen's Mutual Cas. Co.* v. *Cook,* 69 *Ga. App.* 131, 136 (25 S. E. 2d 67).

Whether or not the claimant here is suffering from any permanent physical disability is a question of fact which the hearing director resolved in her favor by finding as a fact that she sustained an injury resulting in a 30 percent disability for performing any regular gainful employment involving stooping or bending. The record fails to show that the claimant was fitted for, was offered, or could have procured, any work other than her previous work which did involve stooping and bending. Accordingly, a finding was authorized and was made by the board that a disability for this type of work existed, and a finding was demanded under the evidence that the disability, if it existed, had resulted in total impairment of earning capacity. The judge of the superior court may reverse the award on the ground that the facts found by the directors do not support the order or decree. Code § 114-710. He may also in such case enter up a proper judgment upon the findings of fact as made. *American Mutual Liability Ins. Co.* v. *Brock,* 35 *Ga. App.* 772 (2) (135 S. E. 103); *Bituminous Casualty Corp.* v. *Elliott,* 70 *Ga. App.* 325 (28 S. E. 2d 392). The hearing director having found that the claimant had reached maximum improvement, which award was affirmed by the full board, the judgment of the superior court that the disability of the claimant was permanent is without error.

Since the facts found by the hearing director demanded a conclusion that the claimant had suffered a 100 percent impairment of earning capacity and should be awarded compensation under

54

the terms of Code § 114-404, the superior court on appeal did not err in reversing the award and entering up such judgment.

*Judgment affirmed.* *Gardner, P. J., and Carlisle, J., concur.*