36531.   ALLSTATE INSURANCE COMPANY *et al. v.*
STARNES.

DECIDED FEBRUARY 18, 1957—REHEARING DENIED MARCH 6, 1957.

*Burt DeRieux, Marshall, Greene & Neely,* for plaintiffs in error. *Richard D. Carr, Smith, Field, Doremus & Ringel,* contra.

GARDNER, P. J. Counsel for the claimant and for the employer cite *Employers Liability Assur. Corp.* v. *Hollifield,* 93 *Ga. App.* 51, 53 (90 S. E. 2d 681). That case is unlike the case at bar in that the claimant in the instant case continued to do the same type of work after the injury as before. That case has no bearing on the case at bar. *Austin Brothers Bridge Co.* v. *Whitmire,* 31 *Ga. App.* 560 (121 S. E. 345) is not applicable for the reason that the claimant continued to do the same work after the injury as before. The facts in *Lumbermen's Mutual Cas. Co.* v. *Cook,* 69 *Ga. App.* 131 (25 S. E. 2d 67) are different from the facts in the instant case.

There is competent evidence to support the award of the State Board of Workmen's Compensation, and this court is without authority to disturb such an award.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*

TOWNSEND, J., concurring specially on rehearing. Examination of the brief and motion to rehear of counsel for the plaintiff in error discloses the sole contention to be that "the award on its face is erroneous, because where the board has found that a 20% disability exists, we take the position that they can only award compensation as for 20% disability," or in other words that the award cannot exceed 20% of an award for permanent total disability, disregarding the maximum statutory weekly payment amounts. Since this is one of the most common errors made in computing compensation, I think a clarification of the method of figuring permanent disability payments is indicated. Disregarding injuries to specific members compensable under Code (Ann.) § 114-406, the measure of the award for any permanent disability, partial or total, involves *not* percentage of physical disability but percentage of loss of earning power. "The word 'disability' as used in the act means impairment of earning capacity." *Blue Bell Globe Mfg. Co.* v. *Baird,* 61 *Ga. App.* 298 (6

S. E. 2d 83). Where there is a permanent partial disability to the body as a whole, it matters not whether it be 10% or 90%. What matters is the result of the disability on earning capacity. One person with a 25% physical disability may, by reason of having no ability to earn money at all except by manual labor, suffer a 100% destruction of earning capacity and therefore be, for compensation purposes, 100% disabled, as in *Employers Liability Assur. Corp.* v. *Hollifield*, 93 *Ga. App.* 51 (90 S. E. 2d 681). Another person with a 25% physical disability may have pain and difficulty in performing his work, but, so long as he actually does work and receives the same or higher wages, he has no compensable disability at all, as in *American Mutual Liability Ins. Co.* v. *Hampton*, 33 *Ga. App.* 476 (127 S. E. 155).

Accordingly, whether the claimant is 10% or 50% physically disabled as shown by opinion evidence is immaterial. What is material is that (a) she does have a permanent disability which has decreased her earning capacity as a result of her injury, and (b) the disability is not total because she is still engaged in the same sort of work she did before the injury. The board must accordingly determine the amount of decrease of compensation and fix an award accordingly. Code (Ann.) § 114-405 according to its provisions in effect at the time of this injury (before amendment by Ga. L. 1955, p. 210) provided a yardstick of 50% of the difference between a claimant's regular weekly wages before injury and "the regular weekly wages which he is able to earn thereafter, but not more than $15 per week." What this amount is represents a question of fact. From the evidence before the board it appeared that before her injury the claimant received $61.34 per week. In her own business, organized some time after she ceased working for the Allstate Insurance Company in February, 1955, and until the hearing in November, 1955, the only testimony bearing on the earning capacity of claimant is her own, to the effect that she is able to work only a few minutes or an hour at a time, that her mother and sisters, who have no previous insurance experience, help her out, that she is living on her savings; that she invested her savings in the business and has not been getting out of it what she put in, and that since May or the first of June until November she has drawn nothing

out. This testimony makes out a prima facie case that the claimant has received next to nothing for her work during this period of time, but she has probably received something, and she does have an earning potential. The award was set at the maximum of $15 per week, and the claimant would be entitled to the maximum if her earnings in the new business amount weekly on an average to $30 or less. There is no evidence to indicate that the claimant is receiving average weekly wages of more than $30 per week. Accordingly, the award is not without evidence to support it and was properly affirmed by the judge of the superior court on appeal.