37645. WILSON *v.* SEARS, ROEBUCK & COMPANY.

DECIDED MAY 25, 1959—REHEARING DENIED JUNE 17, 1959.

*Jack P. Turner,* for plaintiff in error.

*Daniel B. Hodgson, Wm. S. Spann, Jr., Alston, Sibley, Miller, Spann & Shackleford,* contra.

CARLISLE, Judge. This is a workmen's compensation case in which the evidence adduced on the hearing showed substantially the following facts: Mrs. Elsie Wilson suffered an accidental injury to her back on December 9, 1954, while in the employ of Sears, Roebuck & Company. As the result of the injury she suffered disability and was operated on for the removal of a ruptured intervertebral disc on February 25, 1955. Her employer paid her compensation for the time which she lost as the result of the injury and on account of the operation, paid medical expenses, and when she was able to return to work on August 3, 1955, put her on lighter and different work from that which she was doing when she was injured. The claimant testified that the aftereffects of her operation were nervousness and that she could not bend or sit, that she couldn't sit for long because her hips got numb and her legs turned blue and that she wasn't able to stand for long periods of time. After the claimant's return to work she was given several different jobs by the employer, none of which she was able to do, and from each of which she was transferred at her request, and finally she was put on a job inspecting jewelry, silverware and clocks. According to her testimony, this job involved standing, sitting and some lifting. In answer to the question as to whether she was physically able to carry on the work in that department, she said, "I was nervous and just didn't feel good but I did it, I did that." She further testified that in doing that work she had pain and discomfort in her legs and back, but that she continued to work in the department until February, 1956, when she quit because she just wasn't able to work. She just didn't feel like working. In answer to the question, "Do you have an opinion whether or not you are physically able to do the type of work that you were doing in any of the jobs that—at Sears, Roebuck, at that time," she answered, "No." Claimant voluntarily quit her job on February 24, 1956, and on October 9, 1957, she requested a

hearing before the board to determine whether she was entitled to further compensation based on a change in condition, and claiming in the request that she was then totally disabled. The employer's evidence tended to show that when the claimant quit work she gave as her reason for doing so that she wanted to stay at home and take care of her children. There was evidence which was uncontradicted that her husband runs a small country combination store and filling station and that when he is away she sometimes helps out in the store.

The deputy director found, as a matter of fact, that the claimant was 100 percent economically disabled and awarded compensation based thereon. On appeal, the full board entered an award in accordance with the award of the deputy director, and on appeal to the superior court the award of the State Board of Workmen's Compensation was reversed. The assignment of error here is to that judgment.

Reasonably construed, the plaintiff's testimony shows that she was unable to do any of the jobs offered her by her employer without suffering pain and discomfort, which she was unwilling, under the circumstances, to endure in order to work. While it is true that the medical testimony showed that at most the claimant suffered no more than a 20 or 25 percent permanent partial physical disability, the word "disability" as used in the Workmen's Compensation Act means "impairment of earning capacity." *Blue Bell Globe Mfg. Co. v. Baird*, 61 *Ga. App.* 298 (6 S. E. 2d 83). Where there is a permanent partial disability to the body as a whole, it makes no difference what percentage that disability is. The question the board must decide is, to what extent that disability impairs the earning capacity of the claimant, and, if as the result of the injury and the resulting physical impairment, the claimant by reason of her limited experience or training was unable to find employment suitable to her impaired physical condition, she may be said to have suffered a 100 percent impairment of her earning capacity for purposes of compensation. *Employers Liability Assurance Corp. v. Hollifield*, 93 *Ga. App.* 51 (90 S. E. 2d 681), and *Allstate Insurance Co. v. Starnes*, 95 *Ga. App.* 274 (97 S. E. 2d 624).

The evidence introduced by the employer that the claimant stated at the time she quit work that she was going to stay home to take care of her children and the evidence as to her working in her husband's store merely went to the claimant's credibility, which was a matter resolved in the claimant's favor by the deputy director and by the full board. The evidence authorized the finding of fact and the award by the deputy director and the full board, and the judge of the superior court erred in reversing and setting aside the award of the full board.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*