### 40631. AMERICAN MUTUAL LIABILITY INSURANCE COMPANY et al. v. STEPHENS.

JORDAN, Judge. This is an appeal from the judgment of the Superior Court of Clarke County affirming an award by the State Board of Workmen's Compensation allowing a lump sum award in favor of the employee under the provisions of *Code Ann.* § 114-417. *Held:*

The State Board of Workmen's Compensation has authority under the provisions of *Code Ann.* § 114-417 to order redemption in lump sum, in whole or in part, of compensation awards, only after hearing and evidence taken and upon a finding supported by sufficient evidence, (1) that the lump sum award is to the best interest of the employee or his dependents, or (2) that it will prevent undue hardship on the employer or his insurance carrier, without prejudicing the interests of the employee or his dependents, *Mayor &c. of Athens v. Cook,* 104 Ga. App. 136 (121 SE2d 82); provided that, except with

the consent of all parties, no lump sum payment shall be awarded in any case in which the board finds from the evidence that there may be a future change of condition in respect to the disability for which the compensation is payable or as to the duration of the period during which compensation shall be payable. Ga. L. 1963, pp. 141, 151.

It is contended by the employer and its insurance carrier that the award of the board was contrary to law in that no specific finding was made by the board in regard to the issue of future change of condition, and that under the record in this case a finding that there would be no change in condition was not authorized. This contention is without merit. The board in its award specifically found that the employee was totally and permanently disabled and such finding was clearly tantamount to a finding that there would be no future change of condition affecting the disability or the duration of the same, such as to prohibit the lump sum award. A finding that there will not be a future change in condition need not be specifically stated in the award since it is necessarily inferred from the fact that a lump sum award was entered, based on the finding of total and permanent disability, and at a hearing conducted for the purpose of determining the probable number of future payments.

Under the evidence adduced in this case a finding was authorized that a lump sum settlement would be in the best interest of the employee; that the employee suffered a total impairment of his earning capacity as the result of his disability (a back injury); and that the employee's disability was permanent. See *Employers Liability &c. Corp. v. Hollifield,* 93 Ga. App. 51 (90 SE2d 681).

Contrary to the contention of the employer and its carrier, it was not necessary for the employee in order to sustain his burden of proof affirmatively to disclaim the possibility of successful surgery by the testimony of a neurosurgeon, where as here the evidence adduced authorized the finding that the employee's back injury was permanent in character and the feasibility of surgery was doubted by the employee's doctors; and the defendants presented no evidence in this regard.

The award of the board was not erroneous for any reasons assigned and the superior court did not err in affirming said award.

*Judgment affirmed. Bell, P. J., and Eberhardt, J., concur.*

DECIDED APRIL 7, 1964—
REHEARING DENIED APRIL 29, 1964.

*Woodruff, Savell, Lane & Williams, John M. Williams,* for plaintiffs in error.

*Joseph J. Gaines, Rupert A. Brown,* contra.