## 53430. WAYCROSS COCA-COLA BOTTLING COMPANY v. HIOTT.

McMURRAY, Judge.

Following an award of workmen's compensation and a supplemental agreement that claimant had reached maximum recovery, claimant applied for a lump-sum award inasmuch as his doctor advised that he would never be able to do physical or manual labor and with the funds received as a lump sum he might enter some other type of endeavor to become partially productive.

A hearing was held by the board to determine the need for a lump sum to be awarded under Code Ann. § 114-417 (Ga. L. 1937, pp. 230, 233; 1937, pp. 528, 531; 1943, pp. 167-169; 1963, pp. 141, 151), and the board authorized them to present medical evidence. A lump sum was awarded by the board which was affirmed by the superior court. The employer appeals. *Held:*

The sole complaint of the employer is that there was no evidence before the board to warrant its findings and award. A finding of fact is not necessary since the board is merely considering whether the award previously given may be made in a lump sum. It is true the board must determine same is in the best interest of employee or his dependents where it will prevent undue hardship on the employer or his insurance carrier. Code Ann. § 114-417, supra, also states that without the consent of all the parties a lump sum shall not be ordered in any case where the board finds from the evidence that there may be a future change in condition with respect to the disability for which the compensation is payable or as to the duration of the period during which compensation shall be payable. Apparently employer's counsel was of the opinion that this hearing should be treated as one for

change of condition, and his argument is that there was simply no evidence to warrant the findings and award. But the board considered the entire record, including the medical testimony submitted by the employer and found that the claimant is totally and permanently disabled; that it would be to the best interest of claimant; that it would not work a hardship on the defendant, and approved the lump sum payment. As a part of the medical findings were those of a medical doctor who rated the claimant as "25% permanent partial, body as a whole," and who found that he would never be able "to return to the type of manual labor that he was doing prior to his accident," and that he had advised him to get some type of training in a more sedentary type of work. The employer submitted a deposition of an orthopedic surgeon. This expert testified claimant was at most 35% permanently, partially disabled and that the latter's complaints were not substantiated by objective medical examination. The board could weigh the same evidence as that considered by the expert and make its finding that claimant is totally and permanently disabled from performing manual labor. Impaired earning capacity is not one involving a percentage of disability, but rather impairment that renders claimant unable to return to his regular employment or "to procure remunerative employment at a different occupation suitable to his impaired capacity." If the impairment prevents that return then his disability is total. *Employers Liab. &c. Corp. v. Hollifield,* 93 Ga. App. 51, 52-53 (90 SE2d 681); *American Mut. Liab. Ins. Co. v. Stephens,* 109 Ga. App. 634, 635 (137 SE2d 95). The evidence supports the lump sum award. See *Fireman's Fund Ins. Co. v. Cox,* 125 Ga. App. 357 (187 SE2d 580).

*Judgment affirmed. Bell, C. J., and Smith, J., concur.*

SUBMITTED JANUARY 31, 1977 — DECIDED FEBRUARY 28, 1977 — REHEARING DENIED MARCH 15, 1977 —

*Michael J. Gannam,* for appellant.
*Rudolph J. Chambless,* for appellee.