67690. WATKINS MEMORIAL HOSPITAL et al. v. CHADWICK.

QUILLIAN, Presiding Judge.

*Held*:

1. This is an appeal of a workers' compensation case in which the main issue was whether the claimant had sustained a new injury or had a change in condition. The board found that the claimant had a new injury rather than a change in condition.

The award also ordered the employer and/or the insurance carrier to reimburse a group insurance company for medical treatment it had paid on the claimant's behalf.

The award was then appealed to the superior court. The superior court held that the board was without authority to order the employer and/or insurance carrier to repay the group insurance company the funds it had expended for the claimant's medical treatment.

This portion of the superior court's order was correct. There is no provision of the Workers' Compensation Act which authorizes the board to order an employer and/or insurance carrier to reimburse a group insurance company for medical expenses it has paid for the claimant's treatment.

As stated in Director Paris' dissent from the full board award, ". . . any reimbursement to group insurance companies for repayment of any sums due, would be a question which would address itself to that group insurance company and the National Union Fire Insurance Company."

2. The order of the superior court further provided: ". . . the employer and Aetna Casualty and Surety Company are required to pay to the employee all those medical expenses found in paragraph nine (9) of the Award of the Administrative Law Judge (with the exception of C. Dr. Mallory)."

In *Butler v. Lee*, 97 Ga. App. 184 (1) (102 SE2d 498), this court held: "There is no provision of law under which payments to an employee under a company-owned health and accident insurance policy, whether for the payment of medical bills or otherwise, may be deducted from payments required under the Workmen's Compensation Act. The hearing director did not err in failing to deduct from the amount of an award made to an employee sums received by such employee under a policy of accident insurance maintained by the employer." 4 Larson's Workmen's Compensation Law, Sec. 97.51 (a).

While the superior court normally only has authority to affirm, reverse or remand an award of the board, where the award is based on an erroneous interpretation of the law, the superior court is authorized to amend the award so that it conforms to the act. *Employers Liability &c. Corp. v. Hollifield*, 93 Ga. App. 51, 53 (90 SE2d 681). OCGA § 34-9-105 (formerly Code Ann. § 114-710).

The award of the administrative law judge stated that "employee secured treatment reasonable in amount and reasonably required to effect a cure or give relief for her compensable injury." The award then listed who rendered the treatment and the cost thereof. The superior court's order directing that the claimant receive payment for these medical expenses was authorized and proper.

*Judgment affirmed. Birdsong and Carley, JJ., concur.*

DECIDED JUNE 15, 1984 —
REHEARING DENIED JULY 2, 1984 — ▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Donald M. Shivers*, for appellants.
*Robert L. Husby, Jr., John A. Ferguson, Jr.*, for appellee.