68888. ST. PAUL FIRE & MARINE INSURANCE COMPANY
et al. v. NORMAN.
(325 SE2d 810)

BEASLEY, Judge.

This is an appeal by the employer and its carrier from a superior court order which set aside a Workers' Compensation Board conclusion that the employee's injury was a "change in condition" and not a "new accident." Appellants contend that the court erred in this regard and also that it erred in determining that the claim was not barred by the statute of limitations, in refusing to give credit for sal-

ary paid in lieu of workers' compensation, and in awarding compensation for medical benefits directly to the claimant-employee rather than to the providers of the medical services.

The claimant, appellee Norman, was an employee in the office of Dr. Sapp on May 24, 1974, when she injured her knee at work. As a result of this injury, Dr. Sapp performed surgery on claimant's knee. Bituminous Casualty Corporation, which at that time provided workers' compensation coverage for Dr. Sapp, paid her medical expenses and the employer paid her salary in lieu of compensation during the time she was unable to work due to her injury. No disability payments were made, either for temporary total disability or for permanent partial disability. Claimant returned to work after about two months.

As a result of the wear and tear of ordinary life and the activity connected with performing the claimant's normal duties, the condition of her right knee grew gradually worse. She developed bone spurs as a direct result of the 1974 injury and surgery, necessitating a second operation on January 16, 1981. This surgery was also performed by Dr. Sapp, who had since incorporated his practice with two other doctors as Tifton Orthopedic Clinic, P. C. Complications following the surgery required numerous surgical procedures, and the last record treatment was on May 25, 1981. Claimant was disabled from January 15, 1981, until she returned to work for the Clinic on April 6, 1981. Associated medical expenses totaled $19,989.53 for the January 16 surgery plus $2,828 for the follow-up procedures.

Bituminous, which by this time had been supplanted by St. Paul Fire & Marine Company as the Clinic's workers' compensation insurance carrier, declined to provide any coverage, contending that the claim was barred by the one-year statute of limitations. Norman then filed her claim with a group insurance carrier, which paid all medical expenses except for $633 of the hospital bill. No further effort was made to pursue a workers' compensation proceeding until April 1982.

The administrative law judge and the State Board of Workers' Compensation ruled that the January 1981 disability was a "change in condition" entitling claimant to an award against the employer and 1974 carrier (Bituminous) for medical expenses only. They ruled that any economic benefits normally associated therewith were barred by the statute of limitations of Ga. Code Ann. § 114-709.

Appeal was taken to the superior court, which set aside the award and ruled that the claimant's 1981 injury was a "new injury" and not a "change in condition." The court ordered the Clinic and the 1981 carrier, St. Paul, to pay claimant (1) temporary total disability benefits for the period of January 15, 1981, to April 6, 1981 (refusing to give credit for the salary paid the claimant by her employer during that time), (2) $19,989.53 for accrued medial expenses, (3) medical

expenses to be incurred in the future, and (4) other benefits and attorney fees to be determined by the Board. The court further recommitted the case to the Board for determination of permanent partial disability benefits.

The Clinic and St. Paul obtained leave to appeal to this court through the discretionary appeal procedure. *Held:*

1. The first complaint is that the superior court erred in its determination that Norman suffered a "new accident" rather than a "change in condition" on January 15, 1981. We disagree.

At the outset, appellants contend that the new Ga. Code Ann. § 114-709 [OCGA § 34-9-104] enacted in 1978, controls the 1982 claim because only a procedural matter is at issue. At the time of the 1974 accident, the "change of condition" provision was limited to those cases where there had been an award of workers' compensation or Board-approved settlement. By the 1978 amendment, the statute was changed to encompass "change of condition" where the original physical condition was established "by award or otherwise." Ga. L. 1978, pp. 2220, 2233.

The amended statute applied only prospectively as to substantive rights; it applied retroactively as to procedural matters regardless of the date of the accident: "In respect to the provisions of Code Sections 114-404, 114-405, and 114-406, as herein amended, and insofar as any provision of the Workers' Compensation Act creates a substantive right, it shall apply to any accident or injury occurring on or after July 1, 1978. In all other respects, including all procedural matters, it shall apply to any action taken on or after July 1, 1978, without regard to the date of accident or injury." Ga. L. 1978, pp. 2220, 2236.

Appellants attempt to distinguish the case of *Hart v. Owens-Illinois*, 250 Ga. 397 (297 SE2d 462) (1982), which held that OCGA § 34-9-104 is substantive and thus not to be applied retroactively, by asserting that *Hart* held that only Section (b) (3), the statute of limitations portion, is substantive. They contend that Section (a) of the statute, defining "change in condition," is procedural.

However, the situation here is analogous to *Hart*, wherein it was concluded that a new claim was created which had not existed prior to the amendment. Similarly, with the 1978 amendment to the definition of "change of condition," a new claim was fashioned. By the amendment, the law allowed, for the first time, a claim where the condition had been established "otherwise" than by Board award or Board approved settlement. The employee did not have such a claim in 1974. The 1978 act did not create one for her with respect to the accident which had occurred four years earlier and the time for making a claim based on it had long expired. The inchoate cause of action, which never ripened, was extinguished by the running of the statute of limitations. Although the procedure for handling the claim

if still in process would have been that in the 1978 act since the manner for dealing with claims was explicitly to apply retroactively, a claim itself had never been perfected by the obtaining of an award or Board-approved settlement. Section (a) created a substantive right where none existed before, and so the pre-1978 law controls.

The court below properly set aside the Board's finding of a "change in condition" because former Ga. Code Ann. § 114-709 has two prerequisites for a "change in condition": (1) Board notification that final payment of a claim had been made pursuant to a Board order; and (2) an authorized review of an award or settlement made between the parties and approved by the Board. In the present case, the employer paid the employee's salary and the employer's workers' compensation carrier paid the employee's medical expenses and reported it to the Board. That is all that happened. As the superior court stated in its order, "[P]ayment was never made to employee (on the 1974 injury) which could be reviewed pursuant to former § 114-709." The fact that medical benefit payments were made does not change the fact that there was no award or order or Board-approved settlement regarding the 1974 injury. Thus there was no actionable "change of condition."

Appellants assert that the superior court and this court are bound by the Board's finding of fact that this case involves a "change in condition" and not a "new accident." The Board's conclusion that "claimant suffered a change in condition," however, is not a finding of fact. It is a conclusion of law, and as such is subject to review. *U. S. Fidelity &c. Co. v. Reynolds*, 146 Ga. App. 615 (247 SE2d 199) (1978).

A "new accident" is defined as a "situation where a claim for compensation for an injury is not filed within one year from the date of the concurrence of the legal requirements of an original accident to the employee and notice thereof to the employer and where the subsequent disability has allegedly resulted from the aggravation of the injury received in the original accident attributable to the employee's continuing to work." *Mason, Inc. v. Gregory*, 161 Ga. App. 125, 126 (291 SE2d 30) (1982). The superior court properly concluded that the case at bar involves such a "new accident." The findings of fact of the administrative law judge adopted by the Workers' Compensation Board clearly show that a claim was not filed within one year of the original accident, that the employer had notice of the injury and in fact performed the 1974 surgery, and that the subsequent disability resulted from the aggravation of the original injury which was attributable to Norman's continued employment.

Just as this court concluded in *Dairymen, Inc. v. Wood*, 162 Ga. App. 430, 432 (291 SE2d 763) (1982), "[A]ppellee's award could not have been predicated upon a 'change of condition' as he did not seek additional compensation under a prior award. Rather, appellee's

claim was properly classified as a 'new accident,' being an initial claim for compensation predicated upon the gradual worsening of appellee's pre-existing . . . work-related injury."

2. Appellants argue that the employee received salary in lieu of compensation for which credit should be given. However, in order to obtain such credit, the employer was required to follow the procedures set out in statute-authorized former Rules 12 and 25, Rules and Regulations, State Board of Workers' Compensation, and he failed to do so.

3. Appellants assert that even if this court were to find this case to be a "new accident," the claim is barred by the one-year statute of limitations under OCGA § 34-9-82. Claimant was originally injured in 1974 and left work for the second time because of it on January 15, 1981. Appellants rely on *Central State Hosp. v. James*, 147 Ga. App. 308 (248 SE2d 678) (1978), which holds that where the claimant is injured on the job and continues to work until such time that he can do so no longer because of the gradual worsening of his condition attributable at least partly to his continuing to work after being injured, the one-year statute of limitations begins to run from the date the claimant was forced to cease his employment.

However, claimant received "remedial treatment" in 1981 with respect to the 1981 aggravation and reinjury. Following claimant's January 16, 1981 surgery, complications developed. As a result, claimant was forced to undergo fourteen different surgical procedures, actually performed by the employer and thus furnished by it, the last of which was May 25, 1981. Ga. Code Ann. § 114-305 (a) provides that where "remedial treatment has been furnished by the employer on account of the injury the claim may be filed within one year after the date of the last remedial treatment furnished by the employer." The claim was filed on April 15, 1982. Thus, the statute of limitations was tolled until at least May 1982, so that the April 1982 claim was timely.

As this court finds that the statute of limitations does not bar appellee's claim of a "new accident," the estoppel issue is moot.

4. Lastly, appellants assert that the superior court erred in awarding compensation for medical benefits directly to Norman, rather than to the providers of the medical services. This court recently addressed the issue in *Watkins Memorial Hosp. v. Chadwick*, 171 Ga. App. 446 (319 SE2d 876) (1984), and held that payments should be made directly to the claimant.

The superior court may reverse an award by the Workers' Compensation Board on the ground that the facts found by the Board do not support the order. The court may also in such a case enter a proper judgment based upon the findings of fact as made by the Board. *Employers Liability Assur. Corp. v. Hollifield*, 93 Ga. App. 51,

53 (90 SE2d 681) (1955); *Watkins Memorial Hosp. v. Chadwick*, supra. In the case at bar, the superior court properly set aside the Board's order finding a "change in condition" as the findings of fact did not support the Board's order. The court also correctly concluded that claimant sustained a "new injury" because this legal conclusion is demanded by the Board's findings of fact.

As to the insurance company, the employer's workers' compensation carrier at the time of the "new accident" is liable for claimant's compensation rather than the carrier at the time of the original job-related injury. Where employment with a different employer intervenes between the original job-related injury and the subsequent claim, the "new accident" claim cannot be asserted against the original employer but must be brought against the employer for whom the employee worked at the time of the "new accident." *Slattery Assoc. v. Hufstetler*, 161 Ga. App. 389 (288 SE2d 654) (1982); *House v. Echota Cotton Mills*, 129 Ga. App. 350 (199 SE2d 585) (1973). It follows that the new accident claim in this case was correctly asserted against the employer's workers' compensation carrier at the time of the "new accident."

We affirm the superior court's order in substance. However, the order should be modified to make clear that the recommittal should also include directions to the Board to make its determination of benefits and attorney fees to which claimant is entitled in conformity herewith.

*Judgment affirmed with direction. Birdsong, P. J., and Carley, J., concur.*

DECIDED DECEMBER 4, 1984 —
REHEARING DENIED DECEMBER 20, 1984 —

David B. Higdon, Mary M. Katz, for appellants.
James H. Gordon, for appellee.

ON MOTION FOR REHEARING.

The Motion for Rehearing is DENIED for the following reasons:

(1) The employee, who was injured on May 24, 1974, had not perfected her workers' compensation rights by obtaining Board award or order or Board-approved settlement before the 1978 legislative act. Thus her claim never became a "vested right" before the statutory change and, instead, it had become extinguished by the passage of time. It was already dead when the change in the law occurred effective July 1, 1978. Consequently, the enlargement in the law would not apply retroactively. When *Pritchard v. Savannah R. Co.*, 87 Ga. 294

(13 SE 493) (1891), cited in the appellants' motion, is applied properly, it supports the decision rather than appellants' position.

The "inchoate right" which appellants contend the employee had in fact never "became vested and unalterable" because she did not obtain a Board award or order or Board-approved settlement. Before the 1978 amendment, she would have needed such a foundation upon which to then ask for a change in condition. She had not taken this important step, so there was no right upon which to seek a change in condition.

By the time the act amended the prerequisite for seeking a change in condition, the statute of limitation had run against claimant's opportunity to perfect that underlying claim. What the amendment did was to liberalize the prerequisite. No longer was a Board award or order of Board-approved settlement necessary as a foundation for seeking a change in condition. Any manner of establishing her condition would have been enough, such as by a settlement which was *not* submitted to the Board. But it was too late to show such, because the law in effect during the time she had an opportunity to perfect the *basis* for later claiming change of condition, required her to obtain the Board award/order/approved settlement. Her right was not extinguished by the 1978 amendment, which actually broadened the bases, but rather it was extinguished by the passage of time prior to the 1978 amendment. It had been "inchoate" up to the time of the running of the statute of limitation. By June 30, 1978, she no longer had it; the effectiveness of the act did not revive it the next day.

(2) As to the question of law/question of fact argument, it is the construction and application of the law to the facts as found that was erroneous below. We did not find different facts or disregard those found below. Rather we said that change of condition could not be considered in the absence of a prior Board award/order/approved settlement under the factual circumstances of this case.